GROVER C. MORETZ, JR., EMPLOYEE v. RICHARDS & ASSOCIATES, INC., EM-
PLOYER, AND UNITED STATES FIDELITY & GUARANTY INSURANCE
COMPANY, INSURER, DEFENDANTS

No. 8410IC662

(Filed 2 April 1985)

**Master and Servant § 72— workers' compensation—permanent partial disability—
credit for excessive temporary total disability payments**

 Where defendant carrier paid plaintiff disability benefits for 362 weeks
and 2 days from 7 November 1975 until 25 October 1982, and the evidence and
findings support the conclusion that plaintiff's maximum recovery was reached
on 1 December 1977, all payments made by defendants after 1 December 1977
constituted permanent partial disability payments, and the Industrial Commis-
sion abused its discretion under G.S. 97-42 in refusing to allow defendants
credit on a permanent partial disability award for payments made to plaintiff
after 1 December 1977.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission. Opinion and award entered 4 April 1984. Heard in the Court of Appeals 12 February 1985.

This is a worker's compensation claim in which plaintiff, Grover C. Moretz, Jr., an employee of defendant, Richards & As-

sociates, seeks recovery for an injury resulting from his employment.

The essential facts are:

Plaintiff was employed as a pipe welder for defendant employer on 6 November 1975, when he suffered a back strain as he lifted a heavy bottle of veneer. The lifting was part of plaintiff's normal duties. When he suffered the back strain, he was not performing a task different from those which he usually performed. Nevertheless, defendant carrier, United States Fidelity & Guaranty Insurance Company, accepted the injury as compensable and concedes that it is bound by the acceptance.

Plaintiff's condition was diagnosed as phlebitic leg syndrome of the left leg which developed as a result of plaintiff's hospitalization in November 1975, for treatment of the back injury. While the original injury was to the back, Dr. Tyson Bennett testified that plaintiff has a 90% disability of the left leg. Dr. Phillip J. Hess testified that plaintiff has a 75% disability of the left leg. It was stipulated that plaintiff's condition has not undergone any significant change "since at least 1 December 1977."

Defendant carrier paid plaintiff disability benefits for 362 weeks and 2 days from 7 November 1975 through 25 October 1982.

On 14 June 1982, defendants requested a hearing "to determine whether or not the employee is entitled to continue receiving disability payments." This request was made allegedly because defendant carrier had been unable to obtain from the treating physician answers to questions necessary for defendant carrier to determine whether it should continue making payments.

The case was heard by Chief Deputy Commissioner Forrest H. Shuford, II, on 18 October 1982. Commissioner Shuford found that plaintiff's physical disability was restricted to his left leg and that he had a 90% permanent partial disability of the left leg. Commissioner Shuford also found that plaintiff's condition had been fairly stable, with no significant changes since 1977. Commissioner Shuford then ordered defendants to pay 180 weeks of permanent partial disability.

Defendants sought a credit for compensation paid to plaintiff for disability benefits from 7 November 1975 through 25 October 1982 as against any compensation which is due for permanent partial disability. Commissioner Shuford found that "G.S. 97-42 permits but does not require the Industrial Commission to grant such credit. This case would seem to be a proper case for not allowing such credit to the end that compensation may be paid for plaintiff's permanent disability of the left leg." The parties stipulated only that the payments were "disability benefits." In finding of fact number 4 Commissioner Shuford characterized all payments from 7 November 1975 to 25 October 1982 as "temporary total disability."

Defendants appealed to the Full Commission which affirmed the opinion and award of Commissioner Shuford. Defendants appeal from the opinion and award of the Full Commission. Plaintiff filed notice of appeal to this court, but did not perfect his appeal.

*Hedrick, Eatman, Gardner, Feerick and Kincheloe, by Phillip R. Hedrick and Thomas E. Williams, for plaintiff-appellee.*

*Jones, Hewson & Woolard, by R. G. Spratt, III, and Hunter M. Jones, for defendant-appellants.*

EAGLES, Judge.

Where a claimant suffers an injury that results in temporary total disability followed by a specific disability compensable under G.S. 97-31, as here where there is a 90% permanent partial disability of the left leg, compensation for the specific disability is payable in addition to that awarded for temporary total disability. *Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971). Defendants argue on appeal that they are entitled to a credit for either permanent partial disability payments already made since 1 December 1977 or an overpayment of temporary total disability. Compensation for temporary disability is available during the healing period of the injury until maximum recovery has been achieved. Permanent disability is available pursuant to G.S. 97-31 at the end of the healing period when maximum recovery has been achieved. *Crawley v. Southern Devices*, 31 N.C. App. 284, 229 S.E. 2d 325 (1976), *cert. denied*, 292 N.C. 467, 234 S.E. 2d 2 (1977).

It was stipulated that plaintiff's condition has not undergone any significant changes since at least 1 December 1977. Dr. Bennett testified that plaintiff's condition has been very stable for the last several years and Dr. Hess testified that plaintiff's condition did not change from his first examination of plaintiff on 1 December 1977 until his second examination during December 1982. Defendants argue that 1 December 1977 is the latest date that plaintiff reached maximum medical improvement and that disability payments made thereafter are attributable to the permanent partial disability. We further note that finding of fact number 3 ("plaintiff's condition has remained fairly stable and he has undergone no significant changes in his physical condition since 1977"), combined with the stipulations and medical testimony, supports a conclusion that plaintiff's maximum recovery was achieved 1 December 1977. The record before us discloses no evidence of continuing temporary total disability after 1 December 1977. Accordingly, all disability payments made by defendants after 1 December 1977 should be characterized as "permanent partial" disability payments for which defendants are eligible for a credit in the discretion of the Industrial Commission pursuant to G.S. 97-42. This is consistent with the Commission's conclusion that the deputy commissioner could have allowed a credit in his discretion.

G.S. 97-42 provides:

Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment.

The language of G.S. 97-42 clearly indicates that a credit (or deduction from the amount of the award to be paid) is not *required* to be granted. Rather, the language places the decision of whether to grant a credit within the sound discretion of the Industrial Commission. The decision to grant or deny the credit will not be disturbed in the absence of an abuse of discretion. *Taylor v. J. P. Stevens Company*, 307 N.C. 392, 298 S.E. 2d 681 (1983).

It has long been settled in our jurisdiction that an appellate court's review of a trial court's discretionary ruling is strictly limited to a determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the trial court. *Worthington v. Bynum,* 305 N.C. 478, 290 S.E. 2d 599 (1983). We hold that the record in this case affirmatively demonstrates a manifest abuse of discretion in not allowing a credit for permanent partial disability payments made after 1 December 1977.

Here, defendant carrier accepted responsibility in an apparently close case and paid plaintiff disability benefits for 362 weeks and 2 days from 7 November 1975 through 25 October 1982. Only when defendant carrier could not obtain answers to questions from the treating physician concerning plaintiff's disability status, did it file this action. Defendants do not contest that plaintiff is entitled to 180 weeks of permanent partial disability payments, rather defendants argue that the permanent partial disability payments have already been paid by reason of plaintiff's maximum recovery on 1 December 1977 and that they are entitled to a credit for that which has already been paid. We agree.

We find persuasive the reasoning of appellate courts in other jurisdictions concerning credits for amounts overpaid.

An employer who has paid an employee at the time of that employee's greatest need more than he was obligated to pay should not be penalized by being denied full credit for the amount paid above the requirements of the act as against the amount which might subsequently be determined to be due the employee. To do so would inevitably cause employers to be less generous. By limiting the payments the employer can safely make to the amount of temporary total disability the result would be that the employee would lose his full salary at the very moment he needs it most.

*Cowan v. Southwestern Bell Telephone Co.,* 529 S.W. 2d 485, 488 (Mo. App. 1975). *See also Western Casualty and Surety Co. v. Adkins,* 619 S.W. 2d 502 (Ky. App. 1981) (voluntary payment of benefits during pendency of proceedings is a matter of great importance and should not be discouraged).

There is strong public policy against double recovery and in favor of prompt payment of benefits to injured employees. For

these policy reasons and based on the facts of this case where the defendant carrier has paid plaintiff disability benefits for 362 weeks and 2 days, from 7 November 1975 until 25 October 1982, we hold that here defendants are entitled to a credit on the permanent partial disability award for payments made to plaintiff after 1 December 1977, the date maximum recovery was reached.

The opinion and award appealed from is vacated and this cause remanded to the Industrial Commission for entry of an award reflecting the credit.

Our disposition of this case makes it unnecessary to consider the remaining assignments of error.

Vacated and remanded.

Judges ARNOLD and PARKER concur.