The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence, receive further evidence and to amend the prior Opinion and Award. The Full Commission therefore reverses the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were stipulated by the parties at hearing:
 STIPULATIONS
1. All parties in this matter are subject to the North Carolina Workers' Compensation Act.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The date of the alleged accident or specific traumatic event giving rise to the underlying claim is June 3, 1986.
4. On the date of the alleged accident, Gregory N. Thomas, plaintiff, was an employee of Defendant B.F. Goodrich.
5. Defendant B.F. Goodrich is a self-insured employer pursuant to N.C. Gen. Stat. § 97-93(a)(2), such self-insurance having been administered by third parties, Gates McDonald and the Frank Gates Service Company, successively, during the pendency of this matter.
6. Executive Secretary Tracey Weaver ordered that Defendant B.F. Goodrich pay to plaintiff's counsel all attorneys' fees due pursuant to the February 26, 1990 Opinion and Award and subsequent orders, on November 27, 1996.
7. The employer, B.F. Goodrich, stipulates that it has not appealed the November 27, 1996 Order of Executive Secretary Weaver.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. By Opinion and Award dated February 26, 1990, and entered by Deputy Commissioner W. Joey Barnes, defendant was ordered to pay compensation to plaintiff as a result of plaintiff's injuries sustained on June 3, 1986. Specifically, defendant was ordered to pay plaintiff $197.34 per week beginning on June 3, 1986, less attorney's fees of twenty-five percent (25%) of the award. Defendant was further ordered to pay every fourth compensation check directly to plaintiff's counsel for said attorney's fees. Pursuant to this order the payments to be made directly to plaintiff were to be three fourths of $10, 261.68 (52 times $197.34), or $7,696.26 per year, which is less than poverty level income. Such payments were to be paid during the remainder of plaintiff's lifetime unless he returned to work or conditions changed, neither of which have occurred or are likely to occur.
2. By Order dated May 31, 1990, Deputy Commissioner Barnes found that defendant had not paid compensation to plaintiff pursuant to the February 26, 1990 Opinion and Award. Deputy Commissioner Barnes ordered defendant to make compensation payments to plaintiff and assessed a 10% penalty against defendant pursuant to N.C. Gen. Stat. § 97-18(e).
3. On June 20, 1990, defendant began paying compensation directly to plaintiff in the amount of $197.34 per week as ordered. Prior to June 20, 1990, defendant had been making compensation payments of $173.84 per week directly to plaintiff.
4. By Order dated August 9, 1990, Deputy Commissioner Barnes required defendant to pay $400.00 to plaintiff as attorney's fees incurred in bringing the motion to compel payment of the correct amount to plaintiff.
5. Instead of sending every fourth compensation check directly to plaintiff's counsel for attorney's fees pursuant to the February 26, 1990 Opinion and Award, defendant sent each compensation check, including every fourth check, directly to plaintiff, who cashed them and spent the money. There was nothing on the checks to indicate to plaintiff that the money did not belong to him. Additionally, plaintiff is functionally illiterate and has reading and writing abilities at the third grade level and a Beta IQ of 72.
6. Payment of every compensation check directly to plaintiff by defendant continued until January 8, 1996, when defendant changed servicing agents and the new servicing agent began sending every fourth compensation check directly to plaintiff's attorney. Through defendant's failure to follow the direction to pay every fourth check to plaintiff's attorney, plaintiff was arguably unjustly enriched by $15,195.18, which might give rise to a cause of action at law.
7. Upon motion of the plaintiff and by Order dated November 27, 1996, and entered by Executive Secretary Tracey Weaver, defendant was ordered to pay all past-due attorney's fees pursuant to Deputy Commissioner Barnes' February 26, 1990 Opinion and Award in a lump sum to plaintiff's attorney. This amounted to $15,195.18.
8. Plaintiff's Motion did not raise, and Executive Secretary Weaver's November 27, 1996 Order did not address, whether defendant was entitled to a credit for the $15,195.18 paid directly to plaintiff rather than to plaintiff's counsel.
9. On February 10, 1997, defendant paid $15,195.18 directly to plaintiff's attorney pursuant to Executive Secretary Weaver's November 27, 1996 Order.
10. By letter dated February 28, 1997 from Frank Gates to Executive Secretary Weaver, defendant first raised the issue of a credit for the $15,195.18. Executive Secretary Weaver replied to defendant by letter dated May 7, 1997, informing defendant that she was "not inclined to award a credit for attorney's fees." Ms. Weaver further stated that: "If you wish to pursue this matter further, you may file the enclosed Form 33 to request a hearing on the credit issue in this case." There was never any Order from the Industrial Commission determining defendant's entitlement to a credit until the Opinion and Award by Deputy Commissioner Holmes filed on February 4, 1999.
11. Defendant filed a Form 33 Request for Hearing on May 27, 1998, to resolve the issue of defendant's entitlement to a credit pursuant to N.C. Gen. Stat. § 97-42.
12. The $15,195.18 paid by defendant to plaintiff during the period 1990 through 1995 by sending checks for $197.34 every week instead of every three out of four weeks (with the fourth week's check to be sent directly to plaintiff's attorney) was not due and payable to plaintiff at the time it was paid. The relevant Opinion and Award made it due and payable directly to plaintiff'scounsel.
13. The $15,195.18 defendant paid plaintiff's attorney pursuant to Tracey Weaver's November 27, 1996 Order was due and payable at the time it was paid because defendant had not made payment of every fourth check directly to plaintiff's counsel as required by the February 26, 1990, Award.
14. On oral argument before the Full Commission, plaintiff's attorney stated that although his firm was not required to do so, it would agree to a reduction of its future fee if any credit awarded to defendant was limited to a small amount (say 10%) and was spread over approximately the same number of years that the original $15,195.18 was paid out. This was an offer in compromise and settlement.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-42 provides, in pertinent part:
 "Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment." N.C. Gen. Stat. § 97-42.
2. Since this is a case of lifetime disability, it is impossible to "shorten the period during which compensation must be paid". To the extent the Industrial Commission grants a credit to defendant, such credit would reduce the amount of the weekly payment and thus be in violation of the last part of the proviso of the above-quoted portion of N.C. Gen. Stat. § 97-42. N.C. Gen. Stat. § 97-42.
3. It would not be fair to make plaintiff repay the $15,195.18 to defendant. The only way the Industrial Commission could accomplish this would be to permit the defendant to reduce plaintiff's compensation, which is already below the poverty level, and which would be in violation of the above-quoted proviso. N.C. Gen. Stat. § 97-42.
4. As between defendant and plaintiff, defendant should bear the responsibility for its failure to pay every fourth check to plaintiff's attorney as directed in the Opinion and Award of February 26, 1990. Plaintiff did not have the mental ability to realize that his receipt of every fourth check was not in accordance with the provisions of the Opinion and Award of February 26, 1990.
5. Defendant filed no appeal from the Order of the Executive Secretary requiring it to pay the $15,195.18 to plaintiff's attorney and there is no valid reason why defendant should be permitted to require plaintiff's attorney to return any portion of this money since it was an attorney fee approved by the Industrial Commission pursuant to law. N.C. Gen. Stat. § 97-90.
6. It is within the discretion of the Industrial Commission to set any credit due pursuant to N.C. Gen. Stat. § 97-42 at less than 100% of the payments made when not due and payable. N.C. Gen. Stat. § 97-42, Moretz v. Richards Assocs., 74 N.C. App. 72,327 S.E.2d 290 (1985), modified on other grounds, 316 N.C. 539,342 S.E.2d 844 (1986); Johnson v. IBM, 97 N.C. App. 493, 389
7. The Industrial Commission must determine all questions arising under the Workers Compensation Act, if not settled by the parties interested therein with the approval of the Industrial Commission. N.C. Gen. Stat. § 97-91.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant is not entitled to a credit pursuant to N.C. Gen. Stat. § 97-42 against future compensation payments to plaintiff. Alternatively, the Industrial Commission in its discretion determines that, as between plaintiff and defendant based on the facts of this matter, defendant should bear the entire cost of its failure to follow the dictates of the Opinion and Award of February 26, 1990, and no credit is awarded. N.C. Gen. Stat. §97-42.
2. In the alternative, in the exercise of its discretion and with the concurrence of plaintiff's counsel, the Full Commission authorizes defendant to withhold $19.73 from every fourth weekly check of $197.34 otherwise due plaintiff's counsel until such withholdings equal 10 percent of $15,195.18, to the end that defendant shall recover $1,519.51 over a period of 77 months. Acceptance of the terms of this paragraph by plaintiff's attorneys and by the defendant shall constitute a settlement of this issue by the interested parties with the approval of the Industrial Commission.
3. Each party shall bear its own cost.
This 29th of July 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
Note: J. Howard Bunn, Jr., signed this Opinion and Award prior to his retirement.