DEBRA BENNETT, Employee, Plaintiff v. SHERATON GRAND, Employer,
CORNHUSKER INSURANCE COMPANY, Carrier, Defendants

No. COA07-221

(Filed 2 October 2007)

**1. Workers' Compensation— overpayment—credit denied**

The Industrial Commission did not abuse its discretion by denying defendants a credit for amounts they had overpaid on a workers' compensation claim. The use of "may" in N.C.G.S. § 97-42 indicates that the decision to grant an employer a credit rests within the Commission's discretion.

**2. Workers' Compensation— sanction—Commission not notified—plaintiff's right to compensation accepted**

The Industrial Commission did not abuse its discretion in a workers' compensation case in the amount of the sanction it imposed on defendants for not notifying the Commission that it was accepting plaintiff's right to compensation. The issue arose when defendants discovered that they had been overpaying plaintiff and unilaterally reduced the payments; the sole reason for the

sanction accruing as it did was defendants' failure to comply with N.C.G.S. § 97-18 for approximately five years.

**3. Workers' Compensation— right to compensation—unilateral reduction**

The Industrial Commission correctly concluded in a workers' compensation case that plaintiff's right to compensation arose under N.C.G.S. § 97-18(b) and constituted an award pursuant to N.C.G.S. § 97-87, and that defendants' unilateral reduction of plaintiff's compensation rate was contrary to N.C.G.S. § 97-47.

**4. Workers' Compensation— overpayment—credit not allowed**

The Industrial Commission did not abuse its discretion in a workers' compensation case by not allowing defendants a credit for an overpayment.

Appeal by defendants from opinion and award entered 16 October 2006 by Commissioner Thomas J. Bolch for the North Carolina Industrial Commission. Heard in the Court of Appeals 19 September 2007.

*Brumbaugh, Mu & King, P.A., by Nicole D. Wray, for plaintiff-appellee.*

*Brotherton Ford Yeoman & Berry, PLLC, by Richard D. Yeoman and J. Jared Simms, for defendants-appellants.*

TYSON, Judge.

Sheraton Grand ("Sheraton") and Cornhusker Insurance Company (collectively, "defendants") appeal from the Full Commission of the North Carolina Industrial Commission's ("the Commission") opinion and award entered granting Debra Bennett ("plaintiff") $281.76 per week in indemnity payments from 25 June 1999 through 14 July 2005. We affirm.

I.  Background

Plaintiff was employed by Sheraton and sustained an injury, which arose out of and in the course of her employment on 29 January 1999. Plaintiff's injury has resulted in wage loss since 25 June 2002.

Defendants began paying indemnity and medical benefits to plaintiff. Plaintiff's injury was not formally accepted by defendants

as compensable as defendants failed to file either a Form 60, "Employer's Admission of Employee's Right to Compensation," or a Form 22, "Statement of Days Worked and Earning of Injured Employee," with the Commission at that time.

Sheraton paid plaintiff bi-weekly prior to her injury. In initially calculating plaintiff's average weekly wage and compensation rate, defendants erroneously calculated plaintiff's average weekly wage by dividing plaintiff's total annual wages by twenty-six weeks rather than fifty-two weeks. This resulted in a significant overstatement of plaintiff's average weekly wage. From 25 June 1999 through 20 February 2004, plaintiff was paid $281.76 per week based upon an erroneous average weekly wage of $422.62.

On 20 February 2004, defendants filed a Form 22 and Form 60 for the first time. Using limited payroll information, defendants recalculated plaintiff's average weekly wage to be $245.63, which yielded a weekly compensation rate of $163.76. Without seeking clearance or approval from the Commission, defendants unilaterally reduced their weekly payments to plaintiff from $281.76 to $163.76. The parties have since stipulated plaintiff's average weekly wage at the time of her injury was $214.75, which yields a weekly compensation rate of $143.17.

In March 2004, plaintiff requested that her claim be assigned for hearing. Defendants responded and asserted plaintiff had been grossly overpaid benefits due to computational errors in calculating plaintiff's average weekly wage. Defendants requested a credit for these overpayments against any future payments owed to plaintiff.

On 1 March 2005, the matter was heard before Deputy Commissioner Adrian A. Phillips ("Deputy Commissioner Phillips"). On 14 July 2005, Deputy Commissioner Phillips entered an opinion and award that concluded, in part:

1. N.C. Gen. Stat. 97-18(b),(c) and Rule 601 require that Defendant-Employer either accept or deny a claim within 14 days of its having actual notice of the claim. N.C. Gen. Stat. 97-18 requires that notice given shall be on a form prescribed by the Commission. . . .

2. Defendant-Carrier filed a Form 60, almost five years later, therefore, Defendant-Carrier has forfeited any right to change the compensation rate paid to Plaintiff. . . .

Deputy Commissioner Phillips further ordered that "[p]laintiff is entitled to indemnity payments in the amount of $281.76 per week until further Order of the Commission." Defendants appealed to the Full Commission.

On 16 February 2006, the Full Commission reviewed the matter. On 16 October 2006, the Full Commission entered an opinion and award that affirmed Deputy Commissioner Phillips's decision, with modifications. The Commission concluded:

1. N.C. Gen. Stat. §§ 97-18(b), (c) and Rule 601 require that defendants either accept or deny a claim within 14 days of having actual notice of the claim. N.C. Gen. Stat. § 97-18 further requires that notice given shall be on a form prescribed by the Commission. . . .

2. Defendants did not file a Form 60, or otherwise notify the Industrial Commission that plaintiff's claim was accepted in accordance with N.C. Gen. Stat. § 97-18(b), until approximately five years after receiving notice of plaintiff's claim. Given defendants' unreasonable delay in raising an issue regarding plaintiff's compensation rate, the fact that all pertinent wage records were available to defendants at the time of and all times following plaintiff's injury, and because it would be unduly burdensome to plaintiff to require her to repay to defendants any amounts of disability compensation that she has been provided through no fault of her own, the Full Commission deems it reasonable to sanction defendants for their failure to adhere to N.C. Gen. Stat. § 97-18(b) pursuant to N.C. Gen. Stat. § 97-18(j). Accordingly, the Full Commission holds that defendants have constructively admitted to plaintiff's right to compensation pursuant to N.C. Gen. Stat. § 97-18(b) as of their first payment of compensation on July 20, 1999, at a compensation rate of $281.76 per week.

3. Because defendants constructively admitted to plaintiff's right to compensation at a compensation rate of $281.76 per week pursuant to N.C. Gen. Stat. § 97-18(b), that compensation rate constitutes an award of the Industrial Commission pursuant to N.C. Gen. Stat. § 97-87. In accordance with N.C. Gen. Stat. § 97-47, an award of the Industrial Commission may only be modified upon review by the Industrial Commission. It follows that defendants' unilateral alteration of plaintiff's compensation rate in February 2004 was contrary to law, and that plaintiff is entitled to disability compensation at a compensation rate of $281.76 per week

through at least the effective date of the Deputy Commissioner's Opinion and Award, i.e., July 14, 2005. After July 14, 2005, the compensation rate shall be $143.17 per week.

4. Because plaintiff has been entitled to compensation at a compensation rate of only $143.17 per week from July 14, 2005 through the present, it follows that defendants have some overpayment of benefits to plaintiff, and accordingly that defendants are entitled to some credit or deduction for benefits paid to plaintiff to date pursuant to N.C. Gen. Stat. § 97-42. Because defendants improperly reduced plaintiff's rate of compensation payment in February 2004 without first obtaining approval from the Industrial Commission, defendants also owe plaintiff accrued benefits owed but not yet paid.

5. Plaintiff has stipulated to the Amended Form 22 . . . which shows that plaintiff's average weekly wage at the time of her compensable injury was $214.75, yielding a compensation rate of $143.17. Accordingly, the Full Commission, upon its own motion and pursuant to N.C. Gen. Stat. § 97-47 and N.C.R. Civ. P., Rule 60, hereby modifies defendants' constructive admission of plaintiff's right to compensation to bring it into accordance with the stipulated facts of record as of July 14, 2005.

Defendants appeal.

## II. Issues

Defendants argue the Commission erred by concluding plaintiff is entitled to indemnity payments because: (1) they have overpaid plaintiff and are entitled to a credit; (2) the sanction imposed by the Commission is unreasonable; (3) competent evidence shows their alteration of plaintiff's compensation rate in February 2004 does not entitle plaintiff to a compensation rate of $281.76 per week through 14 July 2005; (4) their delay in raising the issue of a credit for overpayment of benefits should not result in total forfeiture of the credit; and (5) competent evidence shows it would not be unduly burdensome to plaintiff to allow them to shorten the period during which compensation must be paid.

## III. Standard of Review

Our Supreme Court has stated:

[W]hen reviewing Industrial Commission decisions, appellate courts must examine "whether any competent evidence supports

the Commission's findings of fact and whether [those] find-
ings . . . support the Commission's conclusions of law." The
Commission's findings of fact are conclusive on appeal when
supported by such competent evidence, "even though there [is]
evidence that would support findings to the contrary."

*McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700
(2004) (quoting *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530
S.E.2d 549, 553 (2000); *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402,
141 S.E.2d 632, 633 (1965)). "The full Commission is the sole judge of
the weight and credibility of the evidence[.]" *Deese*, 352 N.C. at 116,
530 S.E.2d at 553.

The Commission's mixed findings of fact and conclusions of law
are fully reviewable *de novo* by this Court. *Hilliard v. Apex Cabinet
Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982); *Cauble v. Soft-Play,
Inc.*, 124 N.C. App. 526, 528, 477 S.E.2d 678, 679 (1996), *disc. rev.
denied*, 345 N.C. 751, 485 S.E.2d 49 (1997).

### IV.  Entitlement to a Credit

[1] Defendants argue the Commission erred by not granting them a
credit for the amount plaintiff had been overpaid pursuant to N.C.
Gen. Stat. § 97-42. We disagree.

N.C. Gen. Stat. § 97-42 (2005) provides, in part:

Payments made by the employer to the injured employee during
the period of his disability, or to his dependents, which by the
terms of this Article were not due and payable when made, *may,
subject to the approval of the Commission* be deducted from the
amount to be paid as compensation.

(Emphasis supplied).

The statute's use of the words "may, subject to the approval of the
Commission" shows the decision to grant an employer credit rests
within the Commission's sound discretion and "[t]he decision to grant
or deny the credit will not be disturbed in the absence of an abuse of
discretion." *Moretz v. Richards & Associates, Inc.*, 74 N.C. App. 72,
75, 327 S.E.2d 290, 293 (1985), *modified on other grounds by*, 316
N.C. 539, 342 S.E.2d 844 (1986).

This Court has stated:

Our Supreme Court held in *Foster v. Western-Electric Co.*, 320
N.C. 113, 115, 357 S.E.2d 670, 672 (1987) that where "defendant

had not accepted plaintiff's injury as compensable under workers' compensation at the time the payments were made, nor had there been a determination of compensability by the Industrial Commission . . . .," the employer should be awarded a credit for these payments under N.C.G.S. § 97-42. On the other hand, in cases where it is stipulated that the employer's insurance carrier accepts the employee's claim as compensable under the Act after the injury occurred, *see Moretz v. Richards & Associates*, 316 N.C. 539, 342 S.E.2d 844 (1986), and when the employer stipulates that the employee had sustained an injury by accident arising out of and in the course of his employment, *see Ashe v. Barnes*, 255 N.C. 310, 121 S.E.2d 549 (1961), *a credit will be disallowed under N.C.G.S. § 97-42.*

*Lowe v. BE & K Constr. Co.*, 121 N.C. App. 570, 575-76, 468 S.E.2d 396, 399 (1996) (emphasis supplied).

Here, defendants have stipulated plaintiff's claim was compensable. The Commission properly determined "a credit will be disallowed under N.C.G.S. § 97-42." *Id.* Defendants have failed to show the Commission abused its discretion by not awarding them a credit for the amount they overpaid plaintiff pursuant to N.C. Gen. Stat. § 97-42, or that its conclusion is affected by an error of law. *Moretz*, 74 N.C. App. at 75, 327 S.E.2d at 293. This assignment of error is overruled.

## V.  Reasonableness of the Sanction

[2] Defendants argue the Commission erred because the sanction imposed pursuant to N.C. Gen. Stat. § 97-18(j) is unreasonable as a matter of law. We disagree.

N.C. Gen. Stat. § 97-18 (2005) provides, in relevant part:

(a) Compensation under this Article shall be paid periodically, promptly and directly to the person entitled thereto unless otherwise specifically provided.

(b) *When the employer or insurer admits the employee's right to compensation,* the first installment of compensation payable by the employer *shall become due on the fourteenth day after the employer has written or actual notice of the injury or death* . . . . Upon paying the first installment of compensation . . . the insurer *shall immediately notify the Commission, on a form prescribed by the Commission, that compensation has begun*[.]

. . . .

(j) The employer or insurer shall promptly investigate each injury reported or known to the employer and at the earliest practicable time shall admit or deny the employee's right to compensation or commence payment of compensation as provided in subsections (b), (c), or (d) of this section. When an employee files a claim for compensation with the Commission, *the Commission may order reasonable sanctions against an employer or insurer which does not,* within 30 days following notice from the Commission of the filing of a claim, or within such reasonable additional time as the Commission may allow, *do one of the following*:

(1) *Notify the Commission and the employee in writing that it is admitting the employee's right to compensation and, if applicable, satisfy the requirements for payment of compensation under subsection (b) of this section.*

(Emphasis supplied). Here, defendants admitted and accepted plaintiff's right to compensation and failed to notify the Commission. Defendants were subject to sanction pursuant to N.C. Gen. Stat. § 97-18(j).

Defendants only contest the amount of the sanction as unreasonable as a matter of law. Defendants assert the Commission imposed an unreasonable $35,139.26 sanction by not allowing a credit and forcing them to grossly overpay plaintiff from 25 June 1999 to 14 July 2005. This Court reviews the imposition of sanctions by the Commission pursuant to N.C. Gen. Stat. § 97-18 under an abuse of discretion standard. *See Shah v. Howard Johnson,* 140 N.C. App. 58, 65, 535 S.E.2d 577, 582 (2000) (holding the Commission did not act arbitrarily or abuse its discretion in imposing sanctions pursuant to N.C. Gen. Stat. § 97-18 on defendant-employer who unilaterally terminated the benefits of plaintiff-employee).

Here, defendants have failed to show the Commission abused its discretion in imposing the sanction against them. The sole reason the sanction accrued to the amount what defendants portray it to be is through their failure to comply with N.C. Gen. Stat. § 97-18 for approximately five years. Defendants have failed to show any abuse of discretion by the Commission. This assignment of error is overruled.

## VI. Compensation From 20 February 2004 through 14 July 2005

[3] Defendants argue the Commission's conclusion of law numbered 3 is contrary to the law and must be reversed. Defendants rea-

son they were not obligated to apply to the Commission for a modification pursuant to N.C. Gen. Stat. § 97-47 and assert plaintiff had not been "awarded" compensation because neither a Form 60 nor a Form 21 had been filed in this case until 20 February 2004. We disagree.

The Commission concluded:

3. Because defendants constructively admitted to plaintiff's right to compensation at $281.76 per week pursuant to N.C. Gen. Stat. § 97-18(b), that compensation rate constitutes an award of the Industrial Commission pursuant to N.C. Gen. Stat. § 97-87. In accordance with N.C. Gen. Stat. § 97-47, an award of the Industrial Commission may only be modified upon review by the Industrial Commission. It follows that defendants' unilateral alteration of plaintiff's compensation rate in February 2004 was contrary to law, and that plaintiff is entitled to disability compensation at a compensation rate of $281.76 per week through at least the effective date of the Deputy Commissioner's Opinion and Award, i.e., July 14, 2005. After July 14, 2005, the compensation rate shall be $143.17 per week.

N.C. Gen. Stat. § 97-87(a)(1) (2005) provides an " 'award' includes . . . [a] form filed, *or an award arising, under G.S. 97-18(b)*[.]" (Emphasis supplied). As noted above, defendants admitted plaintiff's right to compensation in 1999 pursuant to N.C. Gen. Stat. § 97-18(b) when they failed to notify the Commission for nearly five years. The Commission correctly concluded that plaintiff's right to compensation arose under N.C. Gen. Stat. § 97-18(b) and constituted an award pursuant to N.C. Gen. Stat. § 97-87.

The statutes provide "no basis for altering a final award of compensation, other than that provided by G.S. 97-47." *Watkins v. Central Motor Lines, Inc.*, 10 N.C. App. 486, 491, 179 S.E.2d 130, 134, *rev'd on other grounds*, 279 N.C. 132, 181 S.E.2d 588 (1971). On 20 February 2004, defendants unilaterally reduced plaintiff's compensation rate from $281.76 per week to $163.76 per week. This reduction occurred without the Commission's approval and was contrary to N.C. Gen. Stat. § 97-47. The Commission's conclusion of law numbered 3 is not contrary to the law. This assignment of error is overruled.

## VII. Forfeiture of Credit and Recoupment of Credit

[4] Defendants argue their delay in raising the issue of a credit for overpayment of benefits should not result in a total forfeiture of the credit. Defendants also argue competent evidence shows it would not

be unduly burdensome to plaintiff for the Commission to allow defendants to shorten the period for which compensation must be paid to recoup their credit. As we held above, the Commission did not abuse its discretion by disallowing defendants a credit for the amount plaintiff has been overpaid pursuant to N.C. Gen. Stat. § 97-42. In the absence of any showing of an abuse of discretion or an error of law, this assignment of error is overruled.

### VIII.  Conclusion

The Commission is charged by statute with administering the workers' compensation laws. Under our standard of review of the Commission's rulings defendants complain of, defendants have failed to show the Commission abused its discretion by not awarding them a credit for the amount they overpaid plaintiff pursuant to N.C. Gen. Stat. § 97-42. Defendants have also failed to show the Commission abused its discretion in imposing the sanction of not allowing a credit for gross overpayments by defendants to plaintiff. The Commission's conclusion of law numbered 3 is not contrary to law. The Commission's opinion and award is affirmed.

Affirmed.

Judge McGEE and Judge ELMORE concur.