***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Amended Opinion and Award of Deputy Commissioner Houser and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties in a Pre-Trial Agreement, which was admitted into the record and marked as Stipulated Exhibit (1), and by separate agreement as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial *Page 2 
Commission has jurisdiction over this matter to the extent jurisdictional questions have been waived.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act to the extent the jurisdictional issues have been waived.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties, to the extent questions have been waived.
4. ConAgra Foods, Inc. was the duly qualified self-insured employer at the time of the incident giving rise to this claim and Sedgwick CMS was the servicing agent.
5. Plaintiff sustained an injury by accident while working in the course of and scope of his employment with defendant-employer on June 9, 2009.
6. On June 9, 2009, an explosion occurred at defendant-employer plant in Garner resulting in the plant having to close down for a period of time.
7. Plaintiff has not worked for defendant-employer or any other employer since June 9, 2009.
8. Plaintiff was totally disabled for the period of June 10, 2009 through September 26, 2009. Defendant-administrator, on behalf of defendant-employer, has paid plaintiff ongoing total disability compensation from September 27, 2009 through the present.
9. Plaintiff's correct average weekly wage and compensation rate is to be determined by an Industrial Commission Form 22 Wage Chart.
10. Defendant-employer paid plaintiff salary continuation benefits for the period of June 10, 2009 through September 27, 2009, at the rate of seven hundred and eighty-nine dollars and sixty-eight cents ($789.68) per week, which is forty (40) hours multiplied by plaintiff's usual hourly rate. *Page 3 
11. In addition to the Pre-Trial Agreement, the parties submitted the following to the Deputy Commissioner:
 a. A Notebook of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2) and;
 b. A Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (3).
 ***********
As set forth in the Pre-Trial Agreement and Deputy Commissioner Houser's May 23, 2011 Amended Opinion and Award, the Full Commission addresses the following:
 ISSUES
1. Whether plaintiff was disabled as a result of a compensable injury by accident?
2. Whether plaintiff is entitled to additional total disability compensation for the period of June 10, 2009 through September 26, 2009, due to an alleged underpayment of indemnity compensation?
3. Whether defendant owes plaintiff a late payment penalty for the alleged underpayment of indemnity compensation?
4. Whether defendant is entitled to a credit for the amount of total disability compensation that was be due and payable pursuant to N.C. Gen. Stat. § 97-29 for the period of June 10, 2009 through September 26, 2009?
5. Whether defendant is entitled to a credit for the amount of salary continuation benefits paid to plaintiff that were over and above what was due and payable under N.C. Gen. Stat. § 97-29 for the period of June 10, 2009 through September 26, 2009, pursuant to N.C. Gen. Stat. § 97-42? *Page 4 
6. Whether plaintiff or defendant is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon the preponderance of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer on June 9, 2009, the date of an explosion at defendant-employer's Slim Jim facility in Garner. Plaintiff was paid for a full-day of work on June 9, 2009, the day of the explosion.
2. The compensability of this incident was admitted by defendant through the filing of an Industrial Commission Form 60.
3. On June 9, 2009, plaintiff's average weekly wage was $986.81 which yields a compensation rate of $657.91.
4. Following his admittedly compensable injury by accident, plaintiff was medically excused from, and did not work for the period of June 10, 2009 through September 26, 2009.
5. Also following his admittedly compensable injury by accident, defendant-employer paid plaintiff salary continuation benefits for the period of June 10, 2009 through September 26, 2009, at the rate of seven hundred and eighty-nine dollars and sixty-eight cents ($789.68) per week.
6. Defendant-employer's payment to plaintiff of salary continuation benefits for the period of June 10, 2009 through September 26, 2009, was voluntary during the period immediately after the disastrous events of June 9, 2009.
7. The seven hundred and eighty-nine dollars and sixty-eight cents ($789.68) in salary *Page 5 
continuation benefits paid to plaintiff for the period of June 10, 2009 to September 26, 2009, was approximately one hundred and thirty-one dollars and seventy-seven cents ($131.77) more than his compensation rate pursuant to the Act.
8. Based upon the preponderance of the vocational and medical evidence of record, and as the result of the June 9, 2009 injury by accident, plaintiff has been unable to earn any wages in his former position with defendant-employer or in any other employment for the period of June 10, 2009, through the present and continuing.
9. On September 27, 2009, defendant commenced payments to plaintiff of ongoing total disability compensation benefits at the rate of six hundred and fifty-seven dollars and eighty-seven cents ($657.87) per week; the correct rate to be paid is six hundred and fifty-seven dollars and ninety-one cents ($657.91) per week.
10. Based upon the preponderance of the evidence of record, defendant has met its legal obligation under the Act and pursuant to N.C. Gen. Stat. § 97-29 by paying to plaintiff salary continuation benefits in lieu of total disability compensation for the period of June 10, 2009 to September 26, 2009, and are entitled to a credit for the amount due under N.C. Gen. Stat. § 97-29.
11. Due to having made these payments of salary continuation benefits, and their entitlement to a credit for the same, defendant is not legally obligated to make any additional payments to plaintiff in the form of total disability compensation for the period of June 10, 2009 to September 26, 2009. Accordingly, there is no evidence of record upon which to find that defendant made an underpayment of indemnity compensation to plaintiff during this period.
12. Given the facts of this case and in the discretion of the Full Commission, defendant shall receive no offset or credit for any amount of salary continuation benefits paid to plaintiff that *Page 6 
were over and above what was due and payable under N.C. Gen. Stat. § 97-29 for the period of June 10, 2009 through September 26, 2009.
13. Based upon the preponderance of the totality of the evidence of record, defendant defended this matter based upon reasonable grounds.
14. Based upon the preponderance of the totality of the evidence of record, plaintiff pursued and prosecuted this matter based upon reasonable grounds.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On June 9, 2009, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. The North Carolina Workers' Compensation Act "encourages an employer to voluntarily compensate an employee with amounts equal to full pay during his time of disability." Evans v. ATTTechnologies, 332 N.C. 78, 418 S.E.2d 503 (1992). "By giving the disabled employee full pay, an employer's disability plan operates as a wage replacement program." Id.
3. Based upon the preponderance of the totality of the vocational and medical evidence of record, and as the result of his June 9, 2009 injury by accident, plaintiff continues to be entitled to be paid by defendant ongoing total disability compensation at the rate of $657.91 per week. N.C. Gen. Stat. § 97-29; Russell v. Lowe's ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
4. As the result of his June 9, 2009 injury by accident, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred, subject to the provisions *Page 7 
of N.C. Gen. Stat. § 97-25.1, when the medical bills have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1.
5. Because defendant met their legal obligation under the Act and pursuant to N.C. Gen. Stat. § 97-29 by paying to plaintiff salary continuation benefits in lieu of total disability compensation for the period of June 10, 2009 to September 26, 2009, defendant is entitled to a credit for the amount of total disability compensation due under N.C. Gen. Stat. § 97-29 for this period of time. N.C. Gen. Stat. § 97-42.
6. Because there is no evidence of record upon which to conclude that defendant made an underpayment to plaintiff during the period of June 10, 2009 to September 26, 2009, plaintiff is not entitled to a late payment penalty. N.C. Gen. Stat. §§ 97-18(e); 97-18(g).
7. Due to having made these payments of salary continuation benefits, and their entitlement to a credit for the same, defendant is not legally obligated to make any additional payments to plaintiff in the form of total disability compensation for the period of June 10, 2009 to September 26, 2009. N.C. Gen. Stat. §§ 97-29; 97-42. Accordingly, there is no evidence of record upon which to find that defendant made an underpayment of indemnity compensation to plaintiff during this period for which a penalty should be imposed. Id.; N.C. Gen. Stat. §§ 97-18(e);97-18(g).
8. Given the facts of this case and in the discretion of the Full Commission, defendant shall receive no offset or credit for any amount of salary continuation benefits paid to plaintiff that were over and above what was due and payable for total disability compensation under N.C. Gen. Stat. § 97-29 for the period of June 10, 2009 through September 26, 2009. N.C. Gen. Stat. § 97-42; Moretz v. Richards Assoc.,74 N.C. App. 72, 327 S.E.2d 290 (1985), modified on othergrounds, 316 N.C. 539, 342 S.E.2d 844 (1986). *Page 8 
9. Defendant defended this matter based upon reasonable grounds and therefore plaintiff is not entitled to sanctions pursuant to N.C. Gen. Stat. § 97-88.1.
10. Plaintiff pursued and prosecuted this matter based upon reasonable grounds and therefore defendant is not entitled to sanctions pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendant shall continue paying to plaintiff ongoing total disability compensation at the rate of $657.91 per week until such time as he returns to work or further Order of the Commission.
2. Defendant shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of his June 9, 2009 injury by accident, subject to the provisions of N.C. Gen. Stat. § 97-25.1, when the medical bills have been approved according to established Industrial Commission procedures.
3. Defendant shall pay the costs.
This the 24th day of October, 2011.
 S/____________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING: *Page 9 
 S/________________ PAMELA T. YOUNG CHAIR
 S/________________ STACI T. MEYER COMMISSIONER *Page 1