**********
The Full Commission has reviewed Deputy Commissioner Houser's Opinion and Award based upon the record of the proceedings and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence or amend the prior Opinion and Award. Accordingly, the Full Commission AFFIRMS, with modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is 15 July 2009. *Page 2 
2. On all relevant dates, the parties hereto were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On all relevant dates, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
4. On all relevant dates, defendant-employer employed three (3) or more employees.
5. On all relevant dates, defendant-employer was self-insured, with Corvel Corporation as the third party administrator;
6. Plaintiff's average weekly wage needs to be determined by an Industrial Commission Form 22 Wage Chart or other wage records.
7. Plaintiff contends she injured her lower back and right-hip on 15 July 2009.
8. At and subsequent to the hearing, in addition to their Pre-Trial Agreement, the parties submitted the following:
 a. A Packet of Various Stipulated Exhibits, which was admitted into the record and marked as Stipulated Exhibit (2), and which included the following:
 i. Medical Records:
 ii. Employment Records and;
 iii. Industrial Commission Forms and Filings.
 b. At the hearing, the parties stated on the record that a Transcript of Plaintiff's Recorded Statement was being offered as Stipulated Exhibit (3), but would be submitted subsequent to the hearing. It has now been determined that the statement could not be transcribed. Accordingly, there is no Stipulated Exhibit (3). *Page 3 
 ********** ISSUES
1. Whether plaintiff's right hip and/or back conditions are causally related to her admittedly compensable 15 July 2009 injury by accident, and if so, to what indemnity and medical compensation, if any, is she entitled?
2. Whether defendant is entitled to a credit for the disability payments and/or salary continuation provided to plaintiff subsequent to 15 July 2009?
 **********
Given the foregoing stipulations, and based upon the preponderance of the evidence in view of the entire record, the Full Commission enters the following:
 FINDINGS OF FACT
1. As of the hearing date of the hearing before the Deputy Commissioner, plaintiff was fifty-three years of age, her date of birth being 27 December 1956. Plaintiff has a GED and a Nurse's Aide certificate. Prior to her employment with defendant-employer, plaintiff worked in the textile industry. Defendant-employer is a facility for mentally handicapped individuals. Plaintiff was employed by defendant-employer as a healthcare technician. Prior to 15 July 2009, plaintiff had been employed with defendant-employer for approximately eleven years.
2. As a healthcare technician, plaintiff's duties included changing, turning, repositioning, and bathing patients as well as assisting them with daily living activities. Plaintiff also transported patients around defendant-employer's facility and interacted with patients.
3. On 15 July 2009, plaintiff was standing in the living room of defendant-employer's facility when another employee was pushing a bathing trolley that carried a patient in the area. This trolley struck plaintiff in her back and lower extremities. Upon being struck by *Page 4 
the trolley, plaintiff was knocked forward. As a result, plaintiff twisted and had to steady herself to keep from falling. Plaintiff experienced the immediate onset of pain and was temporarily disoriented. The trolley weighed approximately eighty pounds, and the patient on the trolley at the time of the collision weighed approximately one hundred and thirty pounds.
4. Defendants accepted the compensability of this incident through the filing of an Industrial Commission Form 60 dated 30 July 2009. Specifically, the "description of injury" section of this Form reads: "Struck in low back area by trolley."
5. Following her admittedly compensable injury by accident, plaintiff reported the incident to her supervisor, Ms. Kimolin Pate. Later during the day on 15 July 2009, plaintiff telephoned Ms. Pete and informed her that she was experiencing back pain and spasms. Plaintiff was directed to report to defendant-employer's internal workers' compensation office. From there plaintiff was referred to Lenoir Memorial Hospital.
6. On 16 July 2009, plaintiff was examined at Lenoir Memorial and reported experiencing back pain, tenderness and spasms. Plaintiff was diagnosed as having sustained a low back strain, was prescribed Ultram and Flexeril, and was assigned work restrictions of no lifting more than twenty pounds for one week.
7. On 22 July 2009, plaintiff was examined by Mr. James J. Otey, P.A. at Physician's Prime Care. Plaintiff reported continuing back pain and spasms. Plaintiff was administered an injection of Toradol. Plaintiff was diagnosed as having sustained a low back strain and was released to return to sedentary, light-duty work. On 24 July 2009, plaintiff returned to Physician's Prime Care and reported continued back pain and spasms, as well as stiffness and a reduced range of motion. Plaintiff was medically excused from work and referred to physical therapy. *Page 5 
8. On 12 August 2009, plaintiff began physical therapy, at which time it was noted that she had tightness in her bilateral lumbar paraspinals, a decreased range of motion, and continued back pain. On September 9, 2009, Plaintiff reported pain in her hips.
9. Plaintiff was last examined at Physician's Prime Care on 16 September 2009, at which time she reported experiencing improved, but not resolved, back pain and stiffness. Additionally, plaintiff expressed a desire to return to work and was released to return to work.
10. Upon returning to work for defendant-employer, plaintiff experienced worsening symptoms and difficulty performing her duties. When plaintiff requested approval to obtain additional medical treatment, her request was denied. Plaintiff last worked at defendant-employer's facility on 28 September 2009.
11. On 19 October 2009, plaintiff was examined by Dr. Tucci's Physician's Assistant, Ms. Connie Cerne. On that date, the results of an MRI were noted to reveal a left-sided protrusion at L5-S1, which contacted the S1 nerve root.
12. Thereafter, Dr. Donald Ribeiro, Plaintiff's primary care physician, referred plaintiff to Kinston Chiropractic, where she underwent a short course of chiropractic treatment with Dr. Gary L. Wojeski. This treatment provided some, but not significant relief of plaintiff's symptoms. Dr. Gary Wojeski noted continuing spasms in plaintiff's back, as well as pain in her leg and right hip. On 21 December 2009, Dr. Ribeiro opined that plaintiff's condition was chronic and persistent in nature. On 5 January 2010, Dr. Ribeiro again medically excused plaintiff from all work due to her ongoing symptoms. Additionally, Dr. Ribeiro recommended that plaintiff undergo pain management.
13. With regard to Plaintiff's occasional complaints of hip pain, Dr. Ribeiro opined only that Plaintiff's back pain can be referred to the hip. *Page 6 
14. On 27 January 2010, plaintiff began her pain management treatment at Pitt Memorial Hospital. At that time, it was noted that she was experiencing back and right leg pain for which it was recommended that she continue her medication regimen and undergo an epidural injection. Thereafter, plaintiff received multiple injections into March 2010 that provided significant, but temporary, relief.
15. Dr. Tucci, a board certified neurosurgeon, testified that the findings from plaintiff's objective tests were within normal limits and that plaintiff should have been able to continue work.
16. Dr. Ribeiro testified that plaintiff was unable to work in any capacity due to her ongoing back condition consequent of the 15 July 2009 admittedly compensable injury by accident.
17. Having considered the testimony of Drs. Tucci and Ribeiro, the testimony of Dr. Ribeiro is given greater weight.
18. Pursuant to the Industrial Commission Form 22 Wage Chart stipulated into evidence by the parties, on 15 July 2009 plaintiff's average weekly wage was $602.85, yielding a compensation rate of $401.92.
19. Plaintiff received short-term disability compensation as well as salary continuation from defendant.
20. The preponderance of the evidence in view of the entire record establishes that, on 15 July 2009, while plaintiff was working for defendant-employer, she suffered an injury by accident to her back when she was struck by a bathing trolley carrying a patient, causing plaintiff to be knocked forward and to twist. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected *Page 7 
consequences. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of her employment with defendant-employer.
20. The preponderance of the evidence in view of the entire record establishes that plaintiff's back condition was caused, aggravated, or accelerated by the 15 July 2009 workplace accident.
21. Based upon a preponderance of the evidence, Plaintiff has failed to present sufficient evidence that her hip condition was caused, aggravated, or accelerated by the 15 July 2009 workplace accident.
22. Based upon the totality of the credible vocational and medical evidence of record, and as the result of her 15 July 2009 injury by accident involving her back, plaintiff has been unable to earn any wages in her former position with defendant-employer or in any other employment for the period of 29 September 2009 through the present and continuing.
23. The preponderance of the evidence in view of the entire record establishes that the medical treatment plaintiff received for her back condition following the 15 July 2009 accident was reasonable and medically necessary, and was reasonably calculated to affect a cure and give relief from conditions consequent of the back injury plaintiff suffered on 15 July 2009.
 **********
Given the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 15 July 2009, while plaintiff was working for defendant-employer, she suffered a compensable injury by accident to her back when she was struck by a bathing trolley, *Page 8 
causing her to be knocked forward and to twist. This incident constituted an interruption of plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences. Further, it was an unlooked for and untoward event that was not expected or designed by plaintiff that arose out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Harding v.Thomas Howard Co., 256 N.C. 427 (1962). Our courts have held that an injury is compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a preexisting condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
2. In order to meet the burden of proving continuing disability, plaintiff must prove that she was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that she is capable of some work, but that she has, after a reasonable effort, been unsuccessful in her efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages less than her pre-injury wages. Russell v.Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993). In the present case, plaintiff has shown, as a result of the back injury consequent of the compensable 15 July 2009 accident, that *Page 9 
she has been incapable of work in any employment for the period from 29 September 2009 through the present and continuing.
3. Given the preponderance of the credible medical and vocational evidence of record, and plaintiff's compensable back injury of 15 July 2009, plaintiff was temporarily totally disabled and is entitled to temporary total disability compensation at the rate of $401.92 per week for the period from 29 September 2009 through the present and continuing until plaintiff returns to work or further order of the Commission. N.C. Gen. Stat. § 97-29; Russell v. LowesProd. Distribution, 108 N.C. App. 762 (1993).
4. Given the preponderance of the medical evidence and testimony in this case on the subject of the causation of plaintiff's hip condition, the evidence establishes that plaintiff's hip condition is not sufficiently causally related to the compensable injury to meet the requirements for compensability articulated in the Act and the case law. N.C. Gen. Stat. § 97-2(6); Vandiford v. StewartEquip. Co., 98 N.C. App. 458, 461, 391 S.E.2d 193, 195 (1990);English v. J.P. Stevens Co.,98 N.C. App. 466, 391 S.E.2d 499 (1990).
5. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendants provide all medical treatment, incurred or to be incurred, necessitated by the back injury consequent of the 15 July 2009 compensable accident when bills for the same have been approved pursuant to Industrial Commission Procedures. N.C. Gen. Stat. §§ 97-2(19); 97-25; 97-25.1. However, under the Act plaintiff is not entitled to medical treatment for her hip condition.
6. Pursuant to an Industrial Commission Form 22 Wage Chart stipulated into evidence by the parties, on 15 July 2009, plaintiff's average weekly wage was $602.85, yielding a compensation rate of $401.92. N.C. Gen. Stat. § 97-2(5). *Page 10 
7. In the discretion of the Full Commission, defendant is entitled to a credit for the short-term disability compensation paid to plaintiff, but not for any payments of salary continuation. N.C. Gen. Stat. § 97-42; Moretz v. Richards Assocs., Inc.,74 N.C. App. 72 (1985) modified on other grounds,316 N.C. 539 (1986).
 ********** Given the foregoing stipulations, findings of fact, andconclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff, subject to the attorney's fee approved below and the credit owing defendant for disability compensation paid to plaintiff, temporary total disability compensation at a rate of $401.92 per week during the period from 29 September 2009 and continuing until plaintiff returns to work or further order of the Commission. Any payments that have accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant shall provide all medical treatment, incurred or to be incurred, necessitated by the back injury consequent of the 15 July 2009 compensable accident when bills for the same have been approved pursuant to Industrial Commission Procedures.
3. Plaintiff's request for medical benefits for her hip condition is DENIED.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of any lump sum due plaintiff shall be deducted and paid directly to plaintiff's counsel. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
5. Defendant shall pay the costs.
This the ___ day of October, 2011. *Page 11 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
DISSENTING:
 S/___________________ STACI T. MEYER COMMISSIONER *Page 12