BRUCE BROWN, Employee, Plaintiff Appellee v. FAMILY DOLLAR DISTRIBUTION CENTER, Employer, and AETNA CASUALTY AND SURETY, Carrier, Defendants Appellants

No. COA97-306

(Filed 30 April 1998)

1. Workers' Compensation § 118 (NCI4th)— work-related accident—aggravation or acceleration of existing disease

The evidence supported findings that a work-related accident occurred when a three-to-four pound object fell on plaintiff while he was operating a tugger to move merchandise in defendant employer's warehouse, startling plaintiff and causing him to twist the controls of the tugger and to feel a pop in his wrist, and that the accident aggravated or accelerated plaintiff's previously asymptomatic, undiagnosed Kienbock's disease in his wrist and proximately contributed to his disability. Therefore, plaintiff was entitled to temporary total disability and medical expenses and to a determination of the issue of permanent disability at a later time.

2. Workers' Compensation § 477 (NCI4th)— award of attorney fees and costs

A workers' compensation complainant was entitled to an award of attorney fees and costs pursuant to N.C.G.S. § 97-88.

Appeal by defendants from opinion and award entered by the Industrial Commission on 2 December 1996. Heard in the Court of Appeals 5 January 1998.

Plaintiff was employed by defendant Family Dollar Store from July 1991 until April 1995. Among his duties, plaintiff rode a tugger, a motorized transport vehicle, using it to move merchandise in the Family Dollar distribution center. On 18 January 1994 while riding a tugger down an aisle, some material weighing less than five pounds fell from overhead, striking plaintiff on the shoulder. Plaintiff was startled and grabbed and twisted the controls of the tugger to stop it. He felt a pop in his wrist, and his wrist began to hurt.

Plaintiff left work early that day and went to a hospital emergency room for treatment of his wrist. On 27 January 1994 he saw Dr. Kingery at Miller Orthopedic Clinic. Dr. Kingery diagnosed plaintiff as having a strained wrist and mild tendinitis. In a follow-up visit, Dr.

Kingery found persistent pain and referred plaintiff to Dr. Boatright. Dr. Naso also examined plaintiff. Drs. Boatright and Naso both diagnosed plaintiff as having Kienbock's disease, a condition in which the blood supply to the lunate bone in the wrist is impaired. Plaintiff had surgery 18 April 1994 to correct the Kienbock's condition.

Plaintiff filed a claim for compensation for his wrist injury, and the carrier denied liability for the claim, contending that plaintiff's Kienbock's disease was a pre-existing degenerative condition and was not caused by his accident at work. Plaintiff contends that the accident materially aggravated or accelerated his disease. He is seeking temporary total disability compensation for the periods 31 March 1994 until 2 August 1994 and from 12 January 1995 to 1 February 1995.

Following a hearing in August 1995, Deputy Commissioner Kim L. Cramer denied benefits. The deputy commissioner concluded as a matter of law that plaintiff failed to show by the greater weight of the evidence that the injury to his right wrist, specifically his Kienbock's disease, was caused by or materially aggravated by his accident at work.

Plaintiff appealed to the Full Commission, which reversed the Deputy Commissioner's opinion after reviewing the case based on the record of the hearing, briefs and oral arguments.

Defendants appeal.

*Donaldson & Black, P.A., by Anne R. Harris, for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Mel J. Garofalo and Jennifer Ingram Mitchell, for defendant appellants.*

ARNOLD, Chief Judge.

Defendants assign error to the Industrial Commission's findings of fact Nos. 5, 6, 8, 9 and 10; to its conclusions of law Nos. 1, 2, 3 and 4; and to the Commission's award. "The standard of appellate review of an opinion and award of the Industrial Commission is well established. Our review 'is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its legal conclusions.' " *Aaron v. New Fortis Homes, Inc.,* 127

**BROWN v. FAMILY DOLLAR DISTRIB. CTR.**

[129 N.C. App. 361 (1998)]

N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997) (citations omitted). "In Workers' Compensation cases, the Industrial Commission's findings of fact are conclusive on appeal if there is any competent evidence to support them, even if there is conflicting evidence." *Weaver v. American National Can Corp.*, 123 N.C. App. 507, 509-10, 473 S.E.2d 10, 12 (1996) (citation omitted). "[T]his Court is 'not at liberty to reweigh the evidence and to set aside the findings . . . simply because other . . . conclusions might have been reached.' 'This is so, notwithstanding [that] the evidence upon the entire record might support a contrary finding.' " *Baker v. City of Sanford*, 120 N.C. App. 783, 787, 463 S.E.2d 559, 562 (1995) (citations omitted), *disc. review denied*, 342 N.C. 651, 467 S.E.2d 703 (1996).

[1] In this case, defendants challenge the Industrial Commission's finding of fact No. 5 that

> [o]n January 18, 1994, plaintiff was operating the tugger to move merchandise. As he was going down an aisle, shelving material came off a roller overhead, fell and struck plaintiff in the shoulder. The material weighed about three to four pounds. Plaintiff was startled and twisted the controls on the tugger to stop it. He felt a pop in his right wrist and it began to hurt.

The record before us, however, contains ample competent evidence to support the Commission's finding of fact No. 5. The record includes plaintiff's sworn deposition in which he describes the 18 January 1994 accident in some detail. Defendants' exhibit No. 1 is a Family Dollar "accident report" filled out by plaintiff on 18 January 1994 and describing the accident. A Presbyterian Hospital medical record dated 18 January 1994 gives a brief description of the accident. Plaintiff's sworn statements, the accident report and the medical record all constitute competent evidence on which the Commission could base finding of fact No. 5. We reject this assignment of error. For the same reasons, we reject defendants' assignment of error to the Commission's finding of fact No. 6.

Defendants also assign error to findings of fact Nos. 8, 9 and 10. In these findings, the Commission noted that Dr. James Boatright at Miller Orthopedic Clinic had seen plaintiff and determined that plaintiff had Kienbock's disease of the right wrist. The findings state that Kienbock's disease is a condition in which the blood supply to the lunate bone in the wrist is impaired. They also state: "Although plaintiff had ulnar minus variance, a predisposing factor for Kienbock's disease, plaintiff's Kienbock's disease was asymptomatic, undiag-

nosed and non-disabling prior to his accident of January 18, 1994." The Commission concluded that "plaintiff has proven by the greater weight of the evidence that the accident materially aggravated or accelerated his previously asymptomatic, undiagnosed Kienbock's disease, and proximately contributed to the onset of his disability." The Commission also stated that "[t]he issue of permanent partial disability will be determined at a later date after a rating of plaintiff's permanent impairment, if any, is given."

The record is replete with detailed medical assessments of plaintiff's condition and how the 18 January 1994 accident might or might not have caused onset, aggravation or acceleration of the condition. Among all the evidence, we find ample competent evidence to support the Commission's findings of fact Nos. 8, 9 and 10. We reject defendants' assignments of error to these findings.

Defendants also challenge the Commission's conclusions of law. Here, we must examine "whether the Commission's findings justify its legal conclusions." *Aaron*, 127 N.C. App. at —, 493 S.E.2d at 306 (1997) (citations omitted). Our courts have held that when an accident arising out of employment materially accelerates or aggravates a pre-existing condition and proximately contributes to disability, the injury is compensable. N.C. Gen. Stat. § 97-2 (1991). *See also Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E.2d 265 (1951); *Buck v. Proctor and Gamble Co.*, 52 N.C. App. 88, 278 S.E.2d 268 (1981); and *Wilder v. Barbour Boat Works*, 84 N.C. App. 188, 352 S.E.2d 690 (1987). Here, the Industrial Commission relied on competent evidence to support its findings that plaintiff's accident was work-related and that it materially aggravated or accelerated his previously undiagnosed Kienbock's disease. Given those facts, the Industrial Commission was justified in concluding that plaintiff is entitled to temporary total disability benefits, N.C. Gen. Stat. § 97-29 (1991); that plaintiff is entitled to payment of all medical expenses related to his compensable injury for as long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or will tend to lessen plaintiff's period of disability, N.C. Gen. Stat. § 97-25 (1991); and that the issue of permanent partial disability will be determined at a later date after a rating of plaintiff's impairment, if any, is given, N.C.G.S. § 97-31 (1991). We find no error in the Commission's conclusions of law.

Having found no error in the Commission's findings of fact or conclusions of law, we affirm the Commission's award to plaintiff.

**BROWN v. FAMILY DOLLAR DISTRIB. CTR.**

[129 N.C. App. 361 (1998)]

The Court notes that its decision in *Sanders v. Broyhill Furniture Industries*, 124 N.C. App. 637, 478 S.E.2d 223 (1996), *disc. review denied*, 346 N.C. 180, 486 S.E.2d 208 (1997), does not apply in this case. In *Sanders*, where plaintiff sought compensation for a work-related injury, a Deputy Commissioner's findings included a finding that the plaintiff was not credible, and the Deputy Commissioner denied benefits to plaintiff. Plaintiff appealed to the Full Commission, which reversed the Deputy Commissioner on a cold record and without making findings as to why it thought the plaintiff was credible (contrary to the finding of the Deputy Commissioner). In that case, we held that where the Full Commission reviews a cold record and does not hear additional testimony, "this Court has recognized the general rule that 'the hearing officer is the best judge of the credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject.'" *Sanders*, 124 N.C. App. at 639, 478 S.E.2d at 225 (citation omitted). "[W]hen the Commission reviews a deputy commissioner's credibility determination on a cold record and reverses it without considering that the hearing officer may have been in a better position to make such an observation, it has committed a manifest abuse of its discretion." *Sanders*, 124 N.C. App. at 639-40, 478 S.E.2d at 225.

*Sanders* does not apply in the case at bar because the Deputy Commissioner made no findings as to the plaintiff's credibility. In the case at bar, the Industrial Commission has authority to review a decision of a Deputy Commissioner and, where appropriate, to amend the opinion and award. N.C. Gen. Stat. § 97-85 (1991).

[2] Finally, plaintiff asserts that he is entitled to attorney fees and costs under N.C. Gen. Stat. § 97-88. Under the statute,

[i]f the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

N.C. Gen. Stat. § 97-88 (1991). We find that "[t]he prerequisites for an award pursuant to G.S. 97-88 [are] fulfilled" in this case, *Robinson v. J.P. Stevens*, 57 N.C. App. 619, 628, 292 S.E.2d 144, 149 (1982) (citation omitted), and that defendants-appellants are liable for plaintiff's attorney's fees and costs pursuant to N.C. Gen. Stat. § 97-88. Thus, we remand the case to the Commission for entry of award of attorney's fees.

Affirmed in part and remanded.

Judges MARTIN, John C., and SMITH concur.