***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission affirms, with some modifications, the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. An employer-employee relationship existed at all times relevant to this proceeding. *Page 2 
2. Sedgwick Claims Management Services, Inc. was the administrator on the risk at all times relevant to this proceeding.
3. The parties were subject to the North Carolina Workers' Compensation Act at all times relevant to this proceeding, the employer employing the requisite number of employees to be bound by the provisions of the Act.
4. The following items were stipulated into evidence:
 a. The Pre-Trail Agreement, marked as stipulated exhibit 1.
 b. Plaintiff's medical records related to this matter collectively paginated 1-375 and marked as stipulated exhibit 2.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 56 years old. He served in the Navy after graduating from high school. Plaintiff joined the Sampson County Sherriff's Department in 1997. His duties included serving civil process.
2. On August 26, 2003, while working for the Sampson County Sheriff's Department, plaintiff was involved in an automobile accident as he was driving to serve process. On August 29, 2003, plaintiff began treatment with Dr. Huffmon, a neurosurgeon, for a neck injury that was caused by this accident. Defendants accepted this claim as compensable with the filing of a Form 60. Plaintiff eventually required neck fusion surgery.
3. Although plaintiff's neck received more attention than his back following the August 26, 2003 accident, plaintiff did complain to his medical providers of back pain arising immediately after the accident. During his deposition, Dr. Huffman testified that plaintiff *Page 3 
complained to the nurse during the August 29, 2003 visit that he awoke the morning after the accident with "left mid back pain, discomfort, and bruising." Furthermore, during a September 19, 2003 visit to Dr. Huffman's office, plaintiff complained of pain and tenderness in his left lower leg. Dr. Huffman testified that this leg pain and tenderness "could very well be a lumbar radiculopathy coming from his low back."
4. Plaintiff testified that he suffered severe pain in his neck and mild to moderate pain in his back after the accident of August 26, 2003, that he knew immediately that both his back and neck were hurt, and that his back pain has progressively gotten worse.
5. Although Dr. Huffman diagnosed plaintiff with degenerative disc disease in his low back subsequent to the accident, plaintiff testified that he had not experienced any back pain prior to August 26, 2003. There was no evidence presented that plaintiff had any history of back complaints prior to August 26, 2003.
6. Dr. Knab, a specialist in anesthesia and interventional pain management who also treated plaintiff testified that, assuming plaintiff had no history of back problems prior to August 26, 2003, which the evidence of record supports, the accident was the cause of his back pain. In addition, Dr. Huffmon testified that, assuming plaintiff had no back pain prior to the accident and that his back hurt after the accident, "then the accident certainly could have caused" plaintiff's back condition.
7. The Full Commission finds plaintiff's testimony to be credible.
8. The circumstances of plaintiff's automobile accident of August 26, 2003 constituted an interruption of his work routine and the introduction thereby of conditions likely to result in unexpected consequences. *Page 4 
9. The greater weight of the evidence establishes that plaintiff's back condition was caused, aggravated, or accelerated by the compensable accident of August 26, 2003.
 *********** CONCLUSIONS OF LAW
1. In order to establish a compensable injury to the back, plaintiff must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an accident or a specific traumatic incident of the work assigned. Furthermore, our courts have held that an injury is compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a pre-existing condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2(6); Richards v. Town of Valdese,92 N.C. App. 222, 224, 374 S.E.2d 116, 118 (1988), disc. reviewdenied, 324 N.C. 337, 378 S.E.2d 799 (1989).
2. In this case, plaintiff sustained a compensable injury by accident to his back on August 26, 2003 when he was involved in an automobile accident while serving process. This compensable injury by accident caused plaintiff's back condition or materially accelerated or aggravated a pre-existing non-disabling back condition. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib. Ctr. 129 N.C. App. 361,499 S.E.2d 197 (1998).
3. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendants provide all medical treatment incurred or to be incurred as a result of plaintiff's compensable injury by accident on August 26, 2003, including treatment for plaintiff's back condition, for so long as such evaluations, examinations and treatments may be reasonably required to effect a cure or give relief and will tend to lessen the period of plaintiff's disability. N.C. Gen. Stat. §§ 97-2(19);97-25; 97-25.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for all of plaintiff's medical expenses incurred or to be incurred as a result of plaintiff's compensable injury by accident on August 26, 2003, including treatment for plaintiff's back condition, for so long as such evaluations, examinations and treatments may be reasonably *Page 5 
required to effect a cure or give relief and will tend to lessen the period of plaintiff's disability.
2. Defendants shall pay the costs.
This the __ day of May 2008.
S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 DISSENTING: *Page 6 
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 7