***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** RULING ON EVIDENTIARY MATTER
On July 31, 2008, Defendants filed a Motion to Reopen the Record to Submit Additional Evidence to which Plaintiff has objected. Based upon a review of the Motion and record, Defendants' Motion is HEREBY DENIED.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of parties.
3. An Employee-Employer relationship existed on Employee's date of injury, September 26, 2001.
4. The parties are correctly captioned above.
5. The Industrial Commission Forms are admitted into evidence. All medical records as listed in the Pre-Trial Agreement are admitted into evidence except those specifically objected to within same agreement.
6. Plaintiff had an average weekly wage of $500.00, which results in a weekly compensation rate of $333.35
7. Plaintiff's Exhibits are:
 a. Medical Records of Duke University Medical Center;
 b. Correspondence of Dr. Christopher Edwards, dated February 15, 2007; and
 c. Opinion and Award filed by Deputy Commissioner Brad Donovan, filed January 21, 2005.
8. Defendants' Exhibits are:
 a. All Industrial Commission Forms Filings; *Page 3 
 b. Any exhibit offered by Plaintiff;
 c. Plaintiff's responses to Defendants' prehearing interrogatories;
 d. Surveillance Reports;
 e. Vocational Rehabilitation reports;
 f. Medical case management reports, including all correspondence in response to Dr. Edwards's February 15, 2007 letter;
 g. Prescription records from Bailey and Middlesex pharmacies;
 h. February 14, 2007 Functional Capacity Evaluation;
 i. Dr. Warren's March 3, 2007 and August 21, 2007 reports;
 j. Dr. Lestini's September 25, 2007 IME report;
 k. All Industrial Commission Motions, Responses and Orders;
 l. Deposition and hearing transcripts from the 2004 proceeding; and
 m. A complete set of Plaintiff's medical records.
9. Plaintiff contends this matter was heard before the Honorable J. Brad Donovan on July 22, 2004 and an Opinion and Award was filed on January 21, 2005 determining causation and compensability as it relates to Plaintiff's shoulder, both knees, left elbow, right foot and lower back symptoms and post-concussive syndrome injuries and that all matters relating thereto should be deemed res judicata.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. On September 26, 2001, Plaintiff was delivering parts to a customer driving a 4-Runner vehicle owned by Defendant-Employer. It was raining, and the vehicle hydroplaned on the wet road, hit a tree, flipped in the air and landed upside down in approximately three feet of water. Plaintiff was belted into the vehicle and temporarily lost consciousness. She eventually exited the vehicle, but has no memory of getting out of the truck.
2. Based upon the expert medical testimony presented at the hearing on July 22, 2004, Plaintiff's post-concussive syndrome was causally related to the compensable injury by accident of September 26, 2001. Plaintiff remained temporarily totally disabled from any type of work. She had not reached maximum medical improvement for a number of her injuries, and she required treatment for her shoulder, both knees, left elbow, right foot and lower back symptoms and post-concussive syndrome injuries.
3. At the time of the first hearing on July 22, 2004, Plaintiff continued to seek treatment of Drs. Kushner, Skeen and Pasi, which was reasonable and causally related to her compensable injury by accident.
4. On January 21, 2005, Deputy Commissioner J. Brad Donovan concluded and ordered the following: (1) Plaintiff sustained an injury by accident arising out of and in the course of her employment on September 26, 2001; (2) As a result of the compensable injury, Plaintiff is entitled to temporary total disability compensation at the rate of $333.35 per week for the period from September 26, 2001 and continuing until further Order of the Commission; and (3) Plaintiff is entitled to have Defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability, including the treatment of Drs. Kushner, Skeen and Pasi. *Page 5 
5. Deputy Commissioner Donovan's Opinion and Award was final and is incorporated in full by reference herein.
6. On January 19, 2007, Defendants filed a Motion to Compel Compliance with Medical Treatment based upon Plaintiff's numerous cancellations and no-shows for physical and occupational therapy appointments. The Industrial Commission issued an Order for Plaintiff's compliance with medical treatment on February 27, 2007.
7. Plaintiff began receiving biofeedback with Dr. Edwards after being referred by Dr. Pasi. Ms. Terrill, Plaintiff's nurse case manager, testified that on average a person received six sessions of biofeedback and that the purpose of biofeedback is to teach the patient exercises and techniques to relieve stress with the ultimate goal that the patient practice these techniques at home. Ms. Terrill believed that Plaintiff had sufficient biofeedback sessions and that they were no longer helpful to Plaintiff, based in part on what Plaintiff related to her. Likewise, Paula Howard, Plaintiff's nurse case manager subsequent to Ms. Terrill, agreed that Plaintiff received an excessive amount of biofeedback therapy sessions.
8. Dr. John F. Warren III performed an Independent Medical Examination and opined that biofeedback therapy was not providing lasting benefits to Plaintiff.
9. Based upon the opinions of the nurse case managers and Dr. Warren, Defendants stopped authorizing ongoing biofeedback therapy.
10. Dr. Edwards testified that Plaintiff's treatment under his care has been variable but that Plaintiff was improving. Dr. Edwards further testified to a reasonable degree of medical certainty that the biofeedback had positively impacted Plaintiff's condition.
11. Further, Dr. Pasi testified at her deposition that due to the complexity of Plaintiff's problems, Plaintiff could benefit from additional biofeedback with Dr. Edwards. *Page 6 
12. Based upon Drs. Edwards' and Pasi's opinions presented in their depositions, Defendants began authorizing the continued biofeedback therapy and reimbursed Plaintiff for any sessions which she had paid for out of pocket.
13. Dr. Pasi recommended Plaintiff undergo an IDET procedure for her back pain. Defendants sought an independent medical examination with Dr. William Lestini before authorizing the procedure. After examining Plaintiff and reviewing her medical records on September 25, 2007, Dr. Lestini concluded that Plaintiff suffered from degenerative disc disease at L2-5 and opined that Plaintiff was not a good candidate for a surgical option. Dr. Lestini also found Plaintiff to be at maximum medical improvement (MMI) and assigned a 3% permanent partial impairment rating.
14. Based upon Dr. Lestini's opinions set out in his medical records, Defendants refused to authorize the IDET procedure recommended by Dr. Pasi. However, at his deposition, Dr. Lestini changed his opinion slightly to indicate that Plaintiff could consider an IDET procedure.
15. After the deposition in which Dr. Lestini changed his opinion to indicate that Plaintiff could consider an IDET procedure, Defendants authorized the procedure.
16. In November 2005, Defendants re-initiated vocational rehabilitation following the January 21, 2005 Opinion and Award. Over the following two years, Plaintiff repeatedly missed scheduled appointments without good reason, failed to follow instructions, complete requested tests to create a rehabilitation plan, and refused to attend classes to increase her job skills.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 7 
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident as a result of her employment with Defendant-Employer. N.C. Gen. Stat. § 97-2. Williams,65 N.C. App. at 7, 308 S.E.2d at 482 (quoting Harless,1 N.C. App. at 455, 162 S.E. 2d at 52).
2. The medical treatment recommended and rendered as well as the ongoing treatment that will be required from Dr. Pasi or Dr. Collins who took over upon Dr. Pasi's departure from Duke, Dr. Edwards, and Dr. Satterfield and her other medical providers in relation to treatment resulting from her work injuries is reasonably required to effect a cure of, provide relief from, or lessen the period of disability related to her compensable injury. N.C. Gen. Stat. §§ 97-2; 97-25. Little v. PennVentilator Co., 317 N.C. 206, 210, 345 S.E.2d 204, 207 (1986). Brown v.Family Dollar Distribution, 129 N.C. App. 361, 499 S.E.2d 197 (1998).
3. Defendants were reasonable in not providing authorization for continued biofeedback therapy and the IDET procedure. Once the medical evidence showed that the treatment was necessary to effect a cure and provide relief, defendants appropriately approved the treatment. N.C. Gen. Stat. § 97-25.
4. Plaintiff has shown an ongoing pattern of non-compliance with vocational rehabilitation. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for all medical treatment for Plaintiff's injuries from the date of her injury by accident forward, including, but not limited to biofeedback, IDET, psychiatric *Page 8 
counseling as recommended by Dr. Pasi, and future care with Dr. Satterfield for her knees, as a result of Plaintiff's compensable accident for so long as such treatment effects a cure, gives relief, or tends to lessen Plaintiff's period of disability.
2. Plaintiff's request for sanctions for Defendants refusal of the medical treatment is hereby DENIED. N.C. Gen. Stat. § 97-80 (g). N.C. Gen. Stat. § 5A.
3. Plaintiff is HEREBY ORDERED to fully comply with all reasonable and prescribed medical and rehabilitative treatment as provided by defendants, including vocational rehabilitation which includes attending basic computer skills classes to be arranged by Defendants to increase her potential to rejoin the workforce. N.C. Gen. Stat. § 97-25. Refusal to comply with this Order shall bar Plaintiff from further compensation until such refusal ceases unless, in the opinion of the Industrial Commission, the circumstances justified the refusal.
4. Defendants shall pay all costs of this action, including any expert witness fees.
This the 6th day of January, 2009.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1