***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and the Opinion and Award of the Deputy Commissioner is affirmed with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS *Page 2 
1. At all times relevant, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between Plaintiff and Defendant.
3. Defendant Department of Correction is self-insured with Key Risk Management Services the third-party administrator.
4. In I.C. No. 691819, Plaintiff contends that he sustained a low back injury by compensable accident arising out of and in the course of his employment with Defendant on August 10, 2005. Defendant contends this was a medical-only claim with no compensable lost time, and that his subsequent back problems are unrelated to the August 10, 2005 incident.
5. In I.C. No. 700776, Plaintiff contends that he sustained a low back injury by compensable accident arising out of and in the course of his employment with on August 16 or 16, 2005. Defendant denies liability outright.
 ***********
The following were entered into evidence by agreement of the parties as:
 STIPULATED EXHIBITS
1. The Pretrial Agreement, marked as stipulated Exhibit 1.
2. A collection of documents including Industrial Commission forms and orders, Plaintiff's medical records, and Plaintiff's employment records, collectively paginated 1-144 and marked as stipulated Exhibit 2.
3. On August 10, 2009, subsequent to the oral arguments before the Full Commission, the parties submitted a stipulation that a "Claim Payment Register From 9/16/2005 thru 08/10/2009" be admitted as a part of the record to reflect that Defendant did in fact pay for Plaintiff's Functional Capacity Examination. *Page 3 
 ***********
The following documents were admitted during the hearing or post hearing as:
 EXHIBITS
1. The curriculum vitae of Dr. David E. Strom, marked as Plaintiff's Exhibit 1.
2. The curriculum vitae of Dr. Ward S. Oakley, Jr., marked as Plaintiff's Exhibit 2.
3. The curriculum vitae of Dr. Neil A. Conti, marked as Plaintiff's Exhibit 3.
4. An August 29, 2007 letter from Plaintiff's counsel to Key Risk Management Services, marked as Plaintiff's Exhibit 4.
5. Plaintiff's answers to Defendant's first set of interrogatories, marked as Plaintiff's Exhibit 5.
6. A bill from First Health Richmond Memorial Hospital for medical care and drugs provided to Plaintiff on August 16, 2005, marked as Plaintiff's Exhibit 6.
7. Subsequent to the hearing before the Deputy Commissioner, Attorney Woodrow W. Gunter, II submitted an affidavit detailing the time he expended in this matter and information regarding a reasonable hourly rate. The affidavit was admitted into evidence and marked it as Plaintiff's Exhibit 7.
 *********** ISSUES PRESENTED
1. Did Plaintiff sustain a compensable back injury arising out of and in the course of his employment with Defendant on August 10, 2005?
2. Did Plaintiff sustain a compensable back injury arising out of and in the course of his employment with Defendant on August 15 or 16, 2005? *Page 4 
3. What workers' compensation disability and/or medical benefits, if any, is Plaintiff entitled?
4. Is Plaintiff entitled to have his medical treatment directed by Dr. James E. Rice?
5. Is Plaintiff entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a Correctional Officer with Defendant North Carolina Department of Corrections at the Brown Creek facility. Plaintiff is a high school graduate and was born on February 9, 1953.
2. Plaintiff was working for Defendant as a Correctional Officer on August 10, 2005. While walking to muster that day, Plaintiff stepped into an eroded area of the yard, whereupon he twisted and felt a sharp pain in his left lower back going down his leg. Prior to August 10, 2005, Plaintiff had not experienced significant back pain or medical treatment for his back.
3. Plaintiff immediately reported this incident to his lieutenant and his captain, and Plaintiff was thereupon placed in segregation duty so as to minimize his contact with inmates.
4. Upon Defendant's direction, Plaintiff was seen August 12, 2005 by Dr. Howard Johnson at Richmond Family Medicine. The August 12, 2005 medical note reflects that Dr. Johnson restricted Plaintiff to light duty work for ten days, with restrictions of "no lifting over five pounds, no pushing, no pulling, and no repetitive [stooping] or bending." *Page 5 
5. On August 15, 2005, while working for Defendant in segregation on light-duty as a result of the 10 August 2005 workplace incident, Plaintiff fell out of a rolling chair. This fall caused Plaintiff to land on the floor on his side. Plaintiff suffered pain radiating down his left leg as a result of this fall.
6. As a result of the August 15, 2005 incident, Plaintiff was sent by Defendant to the Richmond Memorial Hospital Emergency Department.
7. Plaintiff continued to receive treatment for his back condition from Richmond Family Medicine at the direction and expense of Defendant. On October 21, 2005, Richmond Family Medicine attempted to refer Plaintiff to an orthopaedist.
8. On November 3, 2005, Plaintiff began receiving treatment from Pinehurst Surgical Clinic. However, Plaintiff apparently only received treatment from P.A. Kevin Slater at Pinehurst Surgical Clinic.
9. On November 21, 2005, P.A. Slater released Plaintiff from the care of Pinehurst Surgical Clinic in order for Plaintiff to undergo total knee replacement surgery. Plaintiff's knee condition and the replacement surgery are unrelated to any workplace injury. The medical note from November 21, 2005 anticipated Plaintiff returning to Pinehurst Surgical for back treatment after Plaintiff's total knee replacement was completed. At this time Plaintiff remained under work restrictions due to his back condition.
10. By letter dated August 9, 2006, Plaintiff's employment with Defendant was terminated due to Plaintiff's physical inability to undergo Officer Refresher Training. This training required Plaintiff to be able to compete in hand-to-hand combat drills. Plaintiff's physical inability to complete this training was a result of his knee condition subsequent to the *Page 6 
total knee replacement surgery. The last day Plaintiff actually worked for Defendant was May 23, 2006.
11. As of the date of the hearing before the Deputy Commissioner, Plaintiff was working 40 hours per week as a Security Officer for Charlotte Aircraft.
12. Plaintiff asked for, and received, permission from Defendant to receive treatment for his back condition subsequent to his last day worked for Defendant. Plaintiff thereafter resumed care under P.A. Slater at Pinehurst Surgical Clinic on August 25, 2006. The time gap in treatment for Plaintiff's back condition resulted from Plaintiff's unrelated knee replacement surgery.
13. In August, 2006, Plaintiff suffered spasms and pain in his back subsequent to yard work and other activities. This pain was a flare-up of his condition that resulted from the August 10 and/or 15, 2005 workplace falls rather than from a new injury or condition.
14. On November 30, 2006 Plaintiff underwent an MRI to his lumbar spine. The MRI report found, among other things, an L4-5 "broad based disc bulge, spondylotic spurring and degenerative facet arthropathy resulting in a mild degree of central and bilateral neural for aminal canal stenosis."
15. Plaintiff underwent a Functional Capacity Evaluation on May 22, 2007. Defendant paid for this assessment.
16. Given the medical evidence and testimony in this matter, Plaintiff has not reached the end of the healing period and is not at maximum medical improvement with regard to the back condition sustained as a result of the August 10 and/or 15, 2005 workplace incidents.
17. The back pain and spasms Plaintiff experienced subsequent to yard work and other activities in August 2006 were naturally-flowing consequences of his back condition *Page 7 
consequent of the August 2005 workplace falls, and were not the result of an independent intervening cause attributable to claimant's own intentional conduct.
18. P.A. Kevin Slater testified by deposition that the findings evident on Plaintiff's November 30, 2006 MRI resulted from Plaintiff's August 10, 2005 workplace fall. P.A. Slater further testified that the medical treatment Plaintiff received in and subsequent to August 2006 was for treatment of the back condition consequent of Plaintiff's workplace fall of August 10, 2005.
19. Dr. Rice testified by deposition that Plaintiff suffers some permanent partial disability as a result of the back condition resulting from the workplace falls. Dr. Rice further testified that Plaintiff would benefit from additional medical treatment for this back condition.
20. On August 10 and 15, 2005, Plaintiff fell and suffered compensable injuries to his back that arose out of and in the course of his employment with Defendant. The falls constituted interruptions of Plaintiff's normal work routine and the introduction thereby of conditions likely to result in unexpected consequences.
21. The credible medical evidence of record shows that as a result of the August 10 and/or 15, 2005 falls, Plaintiff currently suffers from a back condition that requires medical treatment.
22. Given the facts of this case, Dr. James E. Rice is the best physician to assume Plaintiff's care at this time. Dr. Rice's care is reasonably calculated to provide relief from Plaintiff's compensable conditions.
23. Plaintiff's employment with Defendant was terminated for reasons unrelated to his workers' compensation injury. *Page 8 
24. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to establish a compensable back injury, a Plaintiff must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an injury by accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6); Richards v. Town ofValdese, 92 N.C. App. 222, 224, 374 S.E.2d 116, 118 (1988),disc. review denied, 324 N.C. 337, 378 S.E.2d 799 (1989). Our courts have held that an injury is also compensable if it materially accelerates or aggravates a preexisting condition, and proximately contributes to disability. N.C. Gen. Stat. § 97-2; Brown v. FamilyDollar Distrib. Ctr. 129 N.C. App. 361 (1998).
2. On August 10 and 15, 2005, when Plaintiff fell while working for Defendant, Plaintiff suffered compensable injuries by accident to his back that arose out of and in the course of his employment with Defendant. The falls constituted interruptions of Plaintiff's normal work routines and the introduction thereby of conditions likely to result in unexpected consequences. N.C. Gen. Stat. § 97-2(6); Harding v. Thomas Howard Co.,256 N.C. 427 (1962). These compensable injuries by accident caused Plaintiff's back condition or materially accelerated or aggravated a preexisting non-disabling condition. N.C. Gen. Stat. § 97-2(6);Brown v. Family Dollar Distrib. Ctr., 129 N.C. App. 361 (1998). *Page 9 
3. Plaintiff's termination from employment from Defendant is attributable to reasons unrelated to the August 10 and 15, 2005 falls. Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996).
4. Given the medical evidence and testimony in this matter, Plaintiff has not reached the end of the healing period and is not at maximum medical improvement with regard to the back condition he sustained as a result of the August 10 and/or 15. 2005 workplace falls. N.C. Gen. Stat. § 97-31; Horne v. Universal LeafProcessors, 119 N.C. App. 682, 459 S.E.2d 797, rev.denied, 342 N.C. 192, 463 S.E.2d 237 (1995).
5. "[W]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." English v. J.P.Stevens Co., 98 N.C. App. 466, 391 S.E.2d 499 (1990);Roper v. J.P. Stevens Co.,65 N.C. App. 69, 308 S.E.2d 485 (1983), disc. review denied,310 N.C. 309, 312 S.E.2d 352 (1984). In this case, the back pain and spasms Plaintiff experienced subsequent to yard work and other activities in August 2006 were naturally-flowing consequences of his back condition consequent of the August 10 and/or 15, 2005 workplace falls, and were not the result of an independent intervening cause attributable to Plaintiff's own intentional conduct.
6. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, Plaintiff is entitled to have Defendant provide all medical treatment, incurred or to be incurred, necessitated by the August 10 and 15, 2005 compensable injuries when bills for the same have been approved pursuant to Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25 97-25.1. *Page 10 
7. The North Carolina Workers' Compensation Act gives the Industrial Commission the power to "order such further [medical] treatments as may in the discretion of the Commission be necessary," with the cost to be borne by the Defendant. Furthermore, the Industrial Commission may "at any time . . . order a change in treatment and designate other treatment suggested by the injured employee. . . ." N.C. Gen. Stat. § 97-25. Given the facts of this case, Dr. James E. Rice is the best physician to direct Plaintiff's care at this time. N.C. Gen. Stat. § 97-25.
8. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Stipulations, Finding of Fact and Conclusions of Law the Full Commission enters the following:
 AWARD
1. Defendant shall pay all medical expenses for Plaintiff's back conditions, incurred or to be incurred, as a result of the August 10 and 15, 2005 compensable injuries when bills for the same have been approved pursuant to Industrial Commission procedures, subject to the provisions of N.C. Gen. Stat. § 97-25.1. Prospectively, this treatment shall be directed by Dr. James E. Rice.
2. No attorney's fees are appropriate to be awarded in this matter under N.C. Gen. Stat. § 97-88.1.
3. Defendant shall pay the costs of this action.
This the ___ day of October 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1