***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence and upon reconsideration, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** *Page 2 
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. It is stipulated that the parties are subject to the North Carolina Workers' Compensation Act, the Employer employing the requisite number of employees to be bound under the provisions of said Act at the time of the incident, and the Industrial Commission having jurisdiction to decide all matters in controversy in this case.
2. It is stipulated that the Plaintiff sustained a compensable injury to his back/neck/shoulder on November 26, 2007. It is further stipulated that Plaintiff claims his bipolar disorder was exacerbated by the accident and physical injuries sustained on November 26, 2007, which Defendants denied via Forms 61 dated August 18, 2008 and September 3, 2008.
3. An employment relationship existed between Employee-Plaintiff and Employer-Defendant on November 26, 2007.
4. Liberty Mutual was the carrier of compensation benefits for Employer-Defendant on November 26, 2007, the alleged date of injury.
5. Employee-Plaintiff's average weekly wage is $508.40, with a compensation rate of $338.95.
6. Employee-Plaintiff has been treated by the following medical providers:
 a) Vance County EMS
 b) Maria Parham Hospital
 c) Blue Ridge Family
 d) Select Physical Therapy
 e) Dr. Amy Mulkey *Page 3 
 f) Dr. Patricia Nasland
 g) Concentra Medical Center — Dr. Sanchez
 h) Dr. Kapil Rawal
 i) Dr. William Lestini
 j) Job Ready Services
 k) Piedmont Spine Specialists
 ***********
Based upon the preponderance of the evidence of the record, the Full Commission makes the following:
 FINDINGS OF FACTS
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 54 years old. Plaintiff graduated from high school and has taken several classes at a community college.
2. In late 2002, Plaintiff was diagnosed with bipolar disorder. Plaintiff actively treated with Dr. Maged Hanna Saad, a board certified psychiatrist, for his bipolar disorder from November of 2002 until February of 2004. Plaintiff also actively treated with Dr. Amy Mulkey, a licensed psychologist, from November of 2003 until February of 2005.
3. After February of 2005 and prior to the compensable accident of November 26, 2007, Plaintiff was able to manage his disorder on his own and was able to wean off all of his psychiatric medication prior to the accident which is the subject of this claim. Plaintiff testified that his bipolar disorder was well managed and under control without medication.
4. On November 26, 2007, Plaintiff was involved in a motor vehicle accident while in the course and scope of his employment with Employer-Defendant. *Page 4 
5. Following the accident, Plaintiff complained of pain in his neck, pain in his lower back, headaches, dizziness, and confusion. He received treatment for these symptoms and was still treating with Dr. William F. Lestini of Triangle Spine and Back Care Center as of the hearing before the Deputy Commissioner. Plaintiff's counsel stipulated at the hearing before the Deputy Commissioner that the back injury had been accepted by Defendants and all requested treatment provided. Plaintiff's counsel further stipulated that the back is not germane to the issue before the Deputy Commissioner.
6. The Full Commission finds that Dr. Lestini's medical records reflect that Plaintiff was taken out of work on January 14, 2008 due to his compensable injury by accident on November 26, 2007.
7. At the hearing before the Deputy Commissioner, Plaintiff testified that he initially believed the injuries caused by the November 26, 2007 compensable accident were limited to his back and neck, but as he began to focus on the other stressors associated with the accident, he began to experience an aggravation of his otherwise dormant bipolar disorder.
8. Plaintiff further testified at the hearing before the Deputy Commissioner that after the November 26, 2007 compensable accident, he began to exhibit the signs and symptoms of bipolar disorder. Plaintiff testified that he "was becoming less productive, and it was getting worse and worse. I knew that my moods on the workplace, the way I was behaving, the warning signs — it was like extreme déjà-vu." The signs and symptoms progressed and became more severe as time passed. Plaintiff described the change in his life as "like a ball of twine, and it was starting to unravel again, and I couldn't rewrap."
9. On January 17, 2008, Plaintiff returned to Dr. Mulkey with complaints of being anxious, being in a lot of pain, and dizzy. Plaintiff indicated that he practiced self-relaxation and *Page 5 
other coping strategies, but his anxiety continued. Dr. Mulkey determined that there had been a decline in Plaintiff's condition and that he was no longer engaging in any enjoyable activities, but was spending "almost all of his time just coping with his pain and his anxiety." Dr. Mulkey recommended that Plaintiff receive ongoing therapy and to get back on his psychotropic medications.
10. On May 24, 2008, Dr. Mulkey prepared the following excerpt of a letter "to whom it may concern":
 [Plaintiff] returned to therapy in January of 2008 following a serious car accident. He reported that he was having difficulty coping with a chronic pain conditions following the accident and was also experiencing a return of some depression and anxiety, such as tearfulness and hypervigilance. He also notes that he is now having increased manic symptoms, such as an extreme difficulty sleeping. With this return of his bipolar symptoms, it is recommended that [Plaintiff] immediately resume regular visits to a psychiatrist and to outpatient psychotherapy to help him re-stabilize. Without psychiatric and psychological support, it is likely that he'll eventually need to be hospitalized for his bipolar disorder.
11. Plaintiff has been unable to pay for the sessions with Dr. Mulkey and has been unable to return for treatment since the January 17, 2008 office visit. Treatment of Plaintiff's aggravated bipolar disorder was denied by the Defendants.
12. Dr. Saad opined at her deposition that any stress can lead to problems with a bipolar disorder. Assuming that Plaintiff had been managing his bipolar disorder with psychotherapy techniques, that Plaintiff had been maintaining a home and job in the public sector, and given the facts and circumstances of Plaintiff's November 26, 2007 motor vehicle accident, Dr. Saad opined that it would be more likely than not that the motor vehicle accident aggravated Plaintiff's bipolar disorder.
13. Dr. Mulkey opined at her deposition that the motor vehicle accident was reflected *Page 6 
in the fact that Plaintiff was not coping well following the accident. Dr. Mulkey further opined that Plaintiff was functioning well before the November 26, 2007 motor vehicle accident; that stress and negative events in his life would exacerbate the symptoms of his bipolar disorder; and the pain that he experienced due to his injuries following the accident can aggravate a psychiatric condition.
14. Dr. Mulkey responded to the question of whether Plaintiff "will ever get over his bipolar condition completely" by stating the following:
 [A]t times [Plaintiff] can function fairly well. He usually has difficulty always keeping his mood stable and his schedule stable, but sometimes he functions certainly better than others. I think given his reaction to things that I had seen during therapy, he has difficulty coping with stress and negative events in his life, and it does seem to exacerbate his symptoms. He's very — — his moods are reactive to what's going on in his life. In my opinion, I would certainly think that the accident had something to do with the fact that he was not coping very well when I saw him following the accident. That would make sense to me, because again, during all that intervening time, he had not been hospitalized. He had not sought treatment, and according to him, he had been off his medications. That would suggest to me that he was functioning fairly well.
15. Dr. Mulkey opined to a reasonable degree of psychological certainty that the November 26, 2007 accident aggravated his preexisting bipolar disorder.
16. Plaintiff, Plaintiff's ex-wife Charlotte Avery, and Plaintiff's daughter Leah Halley, all testified as to the worsening of Plaintiff's bipolar disorder and the symptoms since the compensable accident of November 26, 2007.
17. Plaintiff has been out of work since January 14, 2008.
18. In the opinions of Dr. Saad and Dr. Mulkey, an automobile accident is the type of stressor that can aggravate a person's bipolar disorder.
19. Dr. Saad and Dr. Mulkey both opined to a reasonable degree of medical certainty, *Page 7 
that in this case the compensable accident of November 26, 2007 more likely than not caused a material aggravation of Plaintiff's bipolar disorder.
20. The Full Commission finds that Plaintiff sustained an admittedly compensable injury to his back and neck as a result of a specific traumatic incident in a motor vehicle accident arising out of and in the course of his employment with Employer-Defendant on November 26, 2007.
21. Based upon the preponderance of the evidence of the record and the credible medical evidence of record, the Full Commission finds that the material aggravation or acceleration of Plaintiff's bipolar disorder has required medical treatment, and continues to require medical treatment.
22. Based upon the preponderance of the evidence of the record and the credible medical evidence of record, the Full Commission finds that there was no competent evidence showing that Plaintiff's bipolar disorder was materially aggravated or accelerated by any stressor other than the compensable accident of November 26, 2007 in which Plaintiff sustained an injury to his back and neck.
23. Based upon the preponderance of the evidence of the record and the credible medical evidence of record, the Full Commission finds Plaintiff's bipolar disorder was materially aggravated or accelerated by the compensable motor vehicle accident of November 26, 2007.
24. Based upon the preponderance of the evidence of the record and the credible medical evidence of record, the Full Commission finds that Plaintiff has been disabled since January 14, 2008.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission concludes *Page 8 
as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's work-related accident of November 26, 2007 did not cause an occupational disease. N.C. Gen. Stat. § 97-53.
2. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing these elements, including, in this case, expert medical testimony.Holly v. ACTS, Inc.,357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003); Harvey v. RaleighPolice Department, 96 N.C. App. 28, 35, 384. S.E.2d 549, 553, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989).
3. The medical experts in the case testified in substance that in their opinions, given to a reasonable degree of medical certainty, the compensable accident of November 26, 2007 aggravated Plaintiff's bipolar disorder. The experts' testimony rises above mere speculation or conjecture, and is competent to support a finding of causation. Young v. Hickory Bus. Furniture,353 N.C. 227, 233, 538 S.E.2d 912, 916 (2000).
4. North Carolina courts have held that an injury is compensable if it is caused by an accident that arises out of employment, materially accelerates or aggravates a pre-existing condition, and proximately contributes to disability. N.C. Gen. Stat. § 9 7-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
5. On November 26, 2007, Plaintiff sustained a compensable injury to his back and neck as a result of a specific traumatic incident in a motor vehicle accident that arose out of and in the course of his employment with Defendant-Employer during a judicially cognizable time period. N.C. Gen. Stat. § 97-2(6); Fish v. Steelcase,Inc., 116 N.C. App. 703, 707, 449 S.E.2d 233, 237 (1994),cert. denied, 339 N.C. 737, 454 S.E.2d 650 (1995). This compensable accident *Page 9 
materially accelerated or aggravated a preexisting bipolar disorder. N.C. Gen. Stat. § 97-2(6); Brown v. Family Dollar Distrib.Ctr., 129 N.C. App. 361, 364, 499 S.E.2d 197, 199 (1998).
6. If an employee receives an injury which is compensable, and the injury causes the worker to become so emotionally disturbed that they are unable to work, that person is entitled to compensation. Fayne v. Fieldcrest Mills, Inc.,54 N.C.App. 144, 282 S.E.2d 539 (1981).
7. Plaintiff is entitled to receive temporary total disability benefits in the amount of $338.95 for his compensable injury by accident which materially aggravated or accelerated his preexisting bipolar disorder beginning January 14, 2008 and continuing until further Order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
8. The aggravation of Plaintiff's bipolar disorder as set forth in this case is compensable under the North Carolina Worker's Compensation Act and he is entitled to medical treatment for his bipolar disorder which is reasonably necessary to effect a cure, to give relief, and/or to lessen his period of disability and Defendants are obligated to pay for the medical treatment recommended by Dr. Saad and Dr. Mulkey. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's pre-existing bipolar disorder has, as a result of his compensable injury, rendered him disabled and in need of medical treatment and subject to the provision of all benefits under the Workers' Compensation Act.
2. Subject to a reasonable attorney's fee approved herein, Defendants shall pay Plaintiff temporary total disability benefits at his weekly compensation rate of $338.95 from *Page 10 
January 14, 2008 and until further Order of the Industrial Commission.
3. That Defendants shall provide medical treatment for Plaintiff's bipolar condition that will effect a cure, to give relief, and/or to lessen his period of disability and Defendants shall pay for the medical treatment recommended by Dr. Saad and Dr. Mulkey.
4. That Defendants shall pay a reasonable attorney's fee to Plaintiff's counsel equal to twenty-five percent (25%) of the compensation awarded to the Plaintiff herein. Fees that have accrued shall be paid directly to the Plaintiff's counsel in a lump sum; thereafter, Defendants shall pay directly to the Plaintiff's counsel every fourth check of compensation due the Plaintiff.
5. Defendants shall pay the costs of this action.
This the ___ day of November 2011.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 11